ON MOTION FOR CLARIFICATION
JOANOS, Judge.
Having considered the appellee’s motion for clarification of decision, we grant the motion and withdraw the decision and opinion filed March 27, 1984, substituting the following decision and opinion in lieu thereof.
Employer, City of Gainesville, and the insurance carrier, Crawford and Co., appeal a workers’ compensation order in which the deputy commissioner found that claimant’s heart attack was an injury by an accident arising out of his employment, relying upon section 112.18, Florida Statutes.
Claimant, a twenty-six-year veteran firefighter with the City of Gainesville, took medical leave from his job on March 10, 1981 for back problems unrelated to his work. While on medical leave, claimant suffered a heart attack on June 28, 1981, while talking with a group of friends at a local tavern. By August 27, 1981, Dr. Cooper, claimant’s treating cardiologist, had released him to full time activity regarding his heart, with limitations on lifting more than thirty pounds and avoiding stressful situations. Claimant was not released to light duty with his back problem until January, 1982. Upon his release to light duty work, claimant chose to retire. His use of accumulated sick time for his back injury lowered claimant’s retirement benefits. Claimant filed a claim for temporary total disability and permanent partial disability benefits under the “Firefighters’ Heart and Lung Provision” of section 112.18(1), Florida Statutes, to recover the sick leave used during his convalescence from his heart attack. He had passed a physical examination upon entering fireman service and had undergone physicals each year thereafter with stress tests and cardiograms given after claimant reached forty years of age. Claimant also sought medical costs and mileage.
Section 112.18(1) provides that heart attacks suffered by firemen are presumed to *310 be accidental and suffered in the line of duty unless the contrary is shown by competent evidence. The deputy commissioner correctly determined that claimant’s heart attack was a compensable accident arising in the line of duty. Daniels v. Division of Retirement, 389 So.2d 340 (Fla. 1st DCA 1980). Claimant’s disability, however, was not caused by his heart attack, but rather by his back injury which preceded his heart attack by over three months and physically incapacitated claimant until January, 1982, over four months after he was released to light duty from his heart attack. The presumption that claimant’s heart attack resulted from an accident, suffered in the line of duty does not discount his total disability from his back surgery and subsequent convalescence. Temporary total disability benefits were not awardable because the back problems were not compen-sable or related to claimant’s work.
Accordingly, the deputy commissioner’s award of temporary total disability benefits is reversed, and the remainder of the order is affirmed.
SHIVERS and THOMPSON, JJ., concur.