344 So.2d 923 (1977)
Billie E. CALDWELL, Petitioner,
v.
DIVISION OF RETIREMENT, Florida DEPARTMENT OF ADMINISTRATION, Respondent.
No. DD-399.
District Court of Appeal of Florida, First District.
April 7, 1977.
Rehearing Denied May 11, 1977.
*924 M. Stephen Turner of Thompson, Wadsworth, Messer, Turner & Rhodes, Tallahassee, for petitioner.
Stephen W. Metz, Tallahassee, for respondent.
MILLS, Judge.
Caldwell seeks review of an order of the State Retirement Commission (Commission) denying Caldwell's claim for in line of duty disability benefits, costs and attorney's fees. Caldwell contends the Commission erred in the following respects:
1. by refusing to apply the presumption of in line of duty set forth in Section 112.18(1), Florida Statutes (1975),
2. by applying an incorrect causation standard for in line of duty disability,
3. by failing to find that Caldwell was entitled to in line of duty disability as a matter of law, and
4. by failing to award Caldwell costs and attorney's fees under Section 121.23(2)(a), Florida Statutes (1975).
Caldwell, a Brevard County Fire Department lieutenant suffered an acute myocardial infarction (heart attack) shortly after reporting to work on the 7:00 A.M. shift and while preparing coffee. As a result, he was totally and permanently disabled. At the time of his employment, Caldwell was found by a physician to be in good health. The evidence concerning the cause of Caldwell's heart attack was conflicting. There was evidence that it was caused by arteriosclerosis unrelated to his employment, and there was evidence that recent employment stress or employment stress over a period of time caused the attack in whole or in part.
Section 121.021(13), Florida Statutes (1975), provides in pertinent part:
"`Disability in line of duty' means an injury or illness arising out of and in the actual performance of duty required by a member's employment during his regularly scheduled working hours or irregular working hours as required by the employer."
Section 112.18(1) provides in pertinent part:
"Any condition or impairment of health of any Florida... county, . . fireman caused by ... heart disease, ... resulting in total . . disability . .. shall be presumed to have been suffered in the line of duty unless the contrary be shown by competent evidence... ."
When read together these statutes clearly state that a heart attack suffered by a county fireman resulting in total or partial disability shall be presumed to have been suffered in the actual performance of duty required by his employment during working hours unless the contrary be shown by competent evidence. The Commission erred in refusing to apply the presumption of Section 112.18(1) to this case but it was harmless because there was competent substantial evidence in the record to support the Commission's finding that Caldwell's heart attack did not arise out of and in the actual performance of duty required by his employment during working hours.
The medical testimony crucial to this case was conflicting. The Commission found that the heart attack suffered by Caldwell resulted from arteriosclerosis which was unrelated to his duties as a fireman. There was competent substantial evidence in the record to support this finding. The causation *925 standard applied by the Commission to the facts of this case was correct and Caldwell is not entitled to in line of duty disability as a matter of law.
Caldwell's contention that he is entitled to an attorney's fee and costs under Section 121.23(2)(a), Florida Statutes (1975), is without merit. Section 121.23(2)(a) does not specifically grant the Commission authority to award attorney's fees and costs. This is necessary. Harris v. Groves Realty, Inc., 315 So.2d 528 (Fla. 4th DCA 1975).
The petition for review is denied.
BOYER, C.J., and McCORD, J., concur.