389 So.2d 340 (1980)
Dolores A. DANIELS, Appellant,
v.
DIVISION OF RETIREMENT, Appellee.
No. PP-376.
District Court of Appeal of Florida, First District.
October 27, 1980.
*341 Richard A. Sicking of Kaplan, Sicking, Hessen, Sugarman, Rosentahl & DeCastro, Miami, for appellant.
Stephen S. Mathues and Augustus D. Aikens, Jr., Tallahassee, for appellee.
ROBERT P. SMITH, Jr., Judge.
Daniels appeals from an order of the Division of Retirement denying her in-line-of-duty death benefits claimed upon the death of her husband, a fireman, due to heart disease. Section 121.23, Florida Statutes (1979). The fireman suffered a myocardial infarction while off duty after pushing heavy wheelbarrow loads on a neighbor's construction project. The Division decided the claim pursuant to Section 120.57, after referring the matter to a DOAH hearing officer for hearing, because the Retirement Commission interprets Section 121.23 as limiting its review jurisdiction to disability retirement decisions by the Division, excluding review of death benefits decisions.
The hearing officer found:
[T]he decedent's myocardial infarction was, in fact, caused by the stress and strain of his job as a fire fighter and emergency medical technician. In fact, it appears from the medical testimony in this proceeding that the decedent was having a heart attack which led to the myocardial infarction on the night of July 19, 1976, or in the early morning hours of July 20, 1976, while he was still on duty. It further appears that, although physical exertion, such as the pushing of the wheelbarrow loads of cement by the decedent, might act as a "triggering mechanism" for ventricular fibrillation, the decedent's activities on the afternoon of July 20, 1976, had very little to do with his death. The type of lesion present in the decedent's heart, which had occurred as much as 48 hours prior to his death, was of such magnitude that he would likely have died regardless of the type of physical activity in which he engaged on July 20, 1976.
In denying death benefits on the stated ground that the fireman's death was caused by a ventricular fibrillation attributable to pushing a wheelbarrow on the nonwork related construction project, the Division substituted findings of fact for contrary findings of the hearing officer on subjects on which the hearing officer's recommended order was entitled to greater deference. McDonald v. Department of Banking and Finance, 346 So.2d 569 (Fla. 1st DCA 1977). The Division's order does not overcome the effect of those findings and the statutory presumption that a fireman's death due to heart disease was suffered in the line of duty. Section 112.18(1). It was not shown that "the disease causing disability or death was caused by a specific, nonwork related event or exposure." Caldwell *342 v. Division of Retirement, 372 So.2d 438, 441 (Fla. 1979). See also Division of Retirement v. Putnam, 386 So.2d 824 (Fla. 1st DCA 1980).
The Division's order is REVERSED and the cause is REMANDED for an award of in-line-of-duty death benefits.
BOOTH and SHAW, JJ., concur.