481 So.2d 49 (1985)
CITY OF TEMPLE TERRACE and Zurich American Insurance Company, Appellants,
v.
James BAILEY, Appellee.
No. BG-134.
District Court of Appeal of Florida, First District.
December 18, 1985.
Suzanne C. Preston, of Marlow, Shofi, Smith, Hennen, Smith & Slother, Tampa, for appellants.
Steven T. Northcutt, of Levine, Freedman, Hirsch & Levinson, Tampa, for appellee.
THOMPSON, Judge.
The employer/carrier (E/C) appeal an order finding that the claimant, a 56-year-old fire chief, suffered from a compensable heart disease. The E/C urge that the deputy misapplied the presumption established by § 112.18(1), Fla. Stat. We agree and reverse.
Claimant began working as a fire fighter in 1961 and became fire chief in 1969. In 1975 he was given a physical examination as part of his employment by the city and his E.K.G. was found to be within normal limits. In 1983 claimant was vacationing in Atlanta, Georgia when he began to feel dizzy and ill, and then passed out. Upon his return home to Florida he was diagnosed as suffering from aortic stenosis, a *50 congenital heart disease which had progressed to the point that it had caused his fainting spell. The condition of the disease was so advanced that it was characterized as "end-stage aortic stenosis." Claimant underwent valve replacement surgery and despite bouts of hepatitis during his recovery he eventually reached maximum medical improvement and returned to work.
The medical evidence consisted entirely of deposition testimony by the doctors who diagnosed and treated claimant. These depositions provide the dispositive portion of the evidence in this case and this court is in as good a position as was the Deputy Commissioner (deputy) to evaluate the facts established thereby. Poorman v. Muncy & Bartle Painting, 433 So.2d 1371 (Fla. 1st DCA 1983); Haga v. Clay Hyder Trucking Lines, 397 So.2d 428 (Fla. 1st DCA), pet. for rev. den. 402 So.2d 609 (Fla. 1981). The deputy correctly determined that claimant, as a fire fighter disabled by heart disease, was entitled to the statutory presumption afforded by § 112.18(1). South Trail Fire Control District v. Johnson, 449 So.2d 947 (Fla. 1st DCA 1984). The deputy erred, however, in determining that the medical evidence presented fell short of rebutting this presumption.
The deputy relied on Caldwell v. Division of Retirement, Florida Department of Administration, 372 So.2d 438 (Fla. 1979) in reaching his conclusion. Caldwell involved an entirely different factual situation and is inapplicable. In Caldwell the medical evidence as to the cause of the heart disease was conflicting. There was evidence that the disease was caused by arteriosclerosis unrelated to the claimant's employment and there was also evidence that the stress of the claimant's employment over a period of time caused in whole or in part the heart attack. In Caldwell the court held that the statutory presumption of § 112.18(1) prevails in cases where the medical evidence is conflicting and the quantum of proof is balanced. However, there is no conflict in this case. The medical evidence is consistent and uncontroverted that claimant's disability was caused by the natural progression of a congenital heart disease which had been present since claimant's birth. All the doctors agreed that it was extremely unlikely that the claimant's job activities, exposures or stresses had anything to do with the progression of his disease. The disease's development to the point of becoming symptomatic and requiring surgery was the result of its normal and expected evolution. The deputy overlooked this testimony and chose instead to rely on the negative replies of two of the doctors to the question whether claimant's aortic stenosis "was caused by a specific non-work related event or exposure." On the basis of Caldwell the deputy concluded that these two negative replies were dispositive, and found that the E/C had failed to present clear and convincing evidence sufficient to rebut the presumption of occupational causation supplied by § 112.18(1).
The deputy erred in his disregard of the clear import of the entirety of the medical evidence which was that claimant's congenital heart disease, and not an exposure or event, either work-related or non-work related, caused claimant's aortic stenosis. There was no evidence whatsoever to support the presumption that claimant's heart disease was occupationally related. On the contrary, all the medical evidence clearly established the absence of any such causal connection. Under these circumstances, the fact that the doctors replied negatively to the questions about a specific non-work related causation does not overcome the fact that such a non-work related causation existed in the congenital and progressive nature of claimant's disease. The medical evidence constituted clear and convincing proof of non-work related causation and the deputy erred in failing to find that the presumption of § 112.18(1) had been rebutted.
The E/C urge this court to find that the legislature did not intend § 112.18(1) to apply in any case where the protected employee suffers from a congenital heart disease. They also argue that the obvious *51 intent of the legislature was to provide a presumption only in favor of employees who suffer heart attacks. Section 112.18(1) specifically applies to "Any condition or impairment of health... caused by ... heart disease." (Emphasis supplied.) There is no basis for limiting its application only to cases involving heart attacks, and nothing in the statute specifically excludes congenital or preexisting heart disease from its coverage. The fact that such a disease or condition may be preexisting does not eliminate the possibility of work-related aggravation. The congenital nature of a claimant's heart disease would merely be a part of the evidence available to the E/C to overcome the statutory presumption of work relatedness.
Accordingly, the award of medical and wage-loss benefits is REVERSED.
WENTWORTH and JOANOS, JJ., concur.