980 So.2d 1232 (2008)
Wayne LENTINI, Appellant,
v.
CITY OF WEST PALM BEACH, and Johns Eastern, Appellees.
Nos. 1D07-0618, 1D07-2324.
District Court of Appeal of Florida, First District.
May 5, 2008.
Kenneth B. Schwartz, West Palm Beach, for Appellant.
Micheal A. Edwards of Edwards and Clarke, P.A., North Palm Beach, for Appellees.
*1233 HAWKES, J.
We write only to address the proper standard for determining whether an employer/carrier has rebutted the "firefighter's presumption" of section 112.18(1), Florida Statutes (2006). This provision provides in pertinent part:
Any condition or impairment of health of any Florida municipal . . . firefighter caused by tuberculosis, heart disease, or hypertension resulting in total or partial disability or death shall be presumed to have been accidental and to have been suffered in the line of duty unless the contrary be shown by competent evidence.
(emphasis added). Consequently, in cases such as this, where the claimant can offer no evidence of occupational causation and relies exclusively on the statutory presumption, all that is required to rebut the presumption "is competent substantial evidence that convinces a [judge of compensation claims] that the disease was caused by some non-work-related factor, not that it was caused by any sort of `specific hazard or non-occupational hazard' . . ." City of Tarpon Springs v. Vaporis, 953 So.2d 597, 599 (Fla. 1st DCA 2007); see also Saldana v. Miami-Dade County, 978 So.2d 823 (Fla. 1st DCA 2008).
Since the record here contains competent substantial evidence supporting the judge of compensation claims' conclusion that the employer/carrier successfully rebutted the presumption, we AFFIRM the orders on appeal.
KAHN and PADOVANO, JJ., concur.