994 So.2d 353 (2008)
Stephen B. TALPESH, Appellant,
v.
VILLAGE OF ROYAL PALM BEACH and Florida Municipal Self Insured and Palm Beach County and Palm Beach County Risk Management, Appellees.
No. 1D07-4100.
District Court of Appeal of Florida, First District.
September 15, 2008.
*354 Alan M. Aronson, West Palm Beach, and Bill McCabe, Longwood, for Appellant.
John B. Clarke, West Palm Beach; and Lamar D. Oxford and Alan D. Kalinoski, Dean, Ringers, Morgan & Lawton, Orlando, for Appellees.
PER CURIAM.
The claimant, Stephen Talpesh, appeals an order of the judge of compensation claims (JCC) denying his claim for benefits resulting from a July 27, 2005, date of accident. The claimant argues that he was entitled to the presumption that his coronary artery disease was caused by his occupation as a firefighter. We agree and reverse.
Section 112.18(1), Florida Statutes (2005), also referred to as the "Heart/Lung Bill," provides in pertinent part:
Any condition or impairment of health of any Florida ... municipal ... firefighter... as defined in s. 943.10(1), (2), or (3) caused by tuberculosis, heart disease, or hypertension resulting in total or partial disability or death shall be presumed to have been accidental and to have been suffered in the line of duty unless the contrary be shown by competent evidence. However, any such firefighter... shall have successfully passed a physical examination upon entering into any such service as a firefighter..., which examination failed to reveal any evidence of any such condition.
The statute applies to workers' compensation cases and provides for a presumption of compensability. See S. Trail Fire Control Dist. v. Johnson, 449 So.2d 947, 947 (Fla. 1st DCA 1984); Martin v. State, Dep't of Corr., 890 So.2d 1238, 1238 (Fla. 1st DCA 2005); see also § 440.09(1), Fla. Stat. (2005) (prescribing that an employer must pay compensation or furnish benefits if an employee suffers an accidental injury or death arising out of work performed in the course and the scope of employment).
In Caldwell v. Division of Retirement, 372 So.2d 438, 440-41 (Fla.1979), the Florida Supreme Court explained that the presumption
embodies the social policy of the state which recognizes that firemen are subjected during their career to the hazards of smoke, heat, and nauseous fumes from all kinds of toxic chemicals as well as extreme anxiety derived from the necessity of being constantly faced with the possibility of extreme danger. The legislature recognized that this exposure could cause a fireman to become the victim of tuberculosis, hypertension, or heart disease.
Thus, based upon a claimant's occupation as a firefighter, the presumption relieves a claimant from the necessity of proving an occupational causation of the disease resulting in disability or death. Id. at 441.
In the instant case, the JCC determined the presumption did not apply to the claimant's coronary artery disease because the claimant's pre-employment physical indicated he had high blood pressure. *355 Because the pre-employment physical did not reveal heart disease, however, the JCC erred in determining the presumption did not apply. The claimant was entitled to the presumption that his coronary artery disease was caused by his occupation as a firefighter.
The firefighter's presumption merely switches the burden of proof from claimant to employer/carrier, and may be overcome by, as the statute plainly states, "competent evidence." Lentini v. City of West Palm Beach, 980 So.2d 1232 (Fla. 1st DCA 2008); City of Tarpon Springs v. Vaporis, 953 So.2d 597 (Fla. 1st DCA 2007). Although the presumption should apply to the claimant under the statute, the JCC did not address whether appellees rebutted the presumption with competent evidence. Therefore, we reverse the order on appeal and remand for further proceedings.
REVERSED and REMANDED.
BARFIELD, KAHN, and BENTON, JJ., concur.