18 So.3d 577 (2009)
Robert PUNSKY, Appellant,
v.
CLAY COUNTY SHERIFF'S OFFICE and Scibal Insurance Group, Appellees.
No. 1D07-3901.
District Court of Appeal of Florida, First District.
March 6, 2009.
Rehearing Denied April 23, 2009.
*579 Geoffrey Bichler of Bichler & Kelley, P.A., Winter Park, for Appellant.
Allison Hunnicutt Hauser of Marks Gray, P.A., Jacksonville; Neal L. Ganon and Katherine A. Mockler of Conroy, Simberg, Ganon, Krevans, Abel, Lurvey, Morrow & Schefer, P.A., West Palm Beach, for Appellees.

EN BANC
PER CURIAM.
We have for consideration appellees' Motion for Rehearing, Rehearing En Banc, and Certification. We deny the motion for certification, but grant the motion for rehearing, and hear this case en banc in order to harmonize our case law. We withdraw the panel decision of July 21, 2008, Punsky v. Clay County Sheriffs Office, 33 Fla. L. Weekly D1820 (Fla. 1st DCA July 21, 2008), and substitute the following opinion.
Appellant, Robert Punsky, the claimant below, seeks review of an order of the Judge of Compensation Claims (JCC) denying workers' compensation benefits. We affirm the order, because, although the presumption of section 112.18(1), Florida Statutes (2005), applies, competent substantial evidence of record supports the JCC's alternative ruling that the presumption was rebutted by the medical evidence introduced by appellees. Since claimant presented no evidence other than the presumption to support a work-related cause, the statute we here construe allows rebuttal of the presumption it establishes "by competent evidence."

FACTUAL BACKGROUND
Claimant, then employed as a deputy sheriff, suffered a heart attack on June 24, 2005, while asleep. He sought workers' compensation benefits, alleging that stress from his job as a police officer had caused the heart attack and that he was entitled to invoke section 112.18(1), Florida Statutes, often referred to as the "firefighter's presumption." At the hearing, the medical evidence presented unanimously supported a conclusion that claimant's heart attack was facilitated and, more likely than not, caused by a genetic condition known as combined familial hyperlipidemia (CFL). CFL results from a genetic pre-disposition that affects the ability of one's body to handle cholesterol. Such was the opinion of both Dr. Patel, claimant's treating physician, and Dr. Nocero, an independent medical examiner. Although not the only evidence in the record, we find that Dr. Nocero's testimony goes directly to the disputed point in this case and thus quote it in pertinent part:
Q. What are the risk factors that we just identified, Doctor, for Mr. Punsky's heart attack of June 4, 2005?
A. High cholesterol, high triglyceride, poor diet, cigarette smoking, and family history, genetics.
Q. And of those risk factors, which one is the primary cause of his heart attack of June 4, 2005?

*580 . . . .
A. The genetic one, the CFL. Since we know that in studies of CFL, the individual with CFL has over three times the risk of developing a heart attack versus someone without this condition.
. . . .
Q. What is the major contributing cause of Officer Punsky's heart attack of January 2005?

. . . .
A. CFL, combine[d] familial hyperlipidemia.

Q. And is that your opinion to a reasonable degree of medical probability?
A. Yes.
Q. What is the major contributing cause of Officer Punsky's continuing need for medical treatment for his heart condition?
A. The CFL.

(emphasis added).
Dr. Patel, the treating physician, did not testify in quite as stark terms as did Dr. Nocero, but Dr. Patel did indicate that causation of claimant's heart attack would not be found in work-related exposures. Dr. Patel confirmed that Mr. Punsky suffers from CFL. Dr. Patel also testified that Mr. Punsky, more likely than not, had CFL since his teenage years. In the order on review, the JCC ruled both that the firefighter's presumption did not apply and that, even had it applied, appellees rebutted it by presenting evidence of a pre-existing condition and other risk factors. Although we conclude that the statutory presumption does apply to this case, we affirm the order on the alternative finding below that the statutory presumption was rebutted by the evidence of non-industrial causation.

ANALYSIS
As to the threshold question, whether the statutory presumption applies, the JCC determined that Punsky did not merit application of the presumption because he failed his pre-employment physical. See § 112.18(1), Fla. Stat. (2005). The record does not support such a finding. Each of the doctors testifying before the JCC agreed the physical as given showed no evidence of heart disease, and the doctor who actually administered the physical concluded at the time that Punsky passed. The JCC's finding was apparently based upon expert testimony that Punsky, more likely than not, suffered from undetected CFL at the time of his physical. However, such retrospective opinion testimony does not demonstrate that an otherwise qualified employee failed a pre-employment physical examination. Turning to the more salient issue, however, we conclude that appellees rebutted the presumption sufficiently under the statute and the controlling case law, as the JCC here properly found as an alternative basis for her order.
Section 112.18(1) establishes a presumption that certain health conditions incurred by any designated firefighter or law enforcement officer are accidental and "have been suffered in the line of duty unless the contrary be shown by competent evidence." Thus, section 112.18(1) expressly provides that the presumption can be rebutted by "competent evidence." Nothing in this statute indicates that the legislature required an elevated burden of proof to rebut the presumption. Compare, e.g., § 61.075(6)(a)(4), Fla. Stat. (2008) (In the equitable distribution of marital assets, personal property titled jointly as tenants by the entireties are presumed to be marital property and "[t]he burden of proof to overcome the gift presumption shall be by clear and convincing evidence.").
*581 In Caldwell v. Division of Retirement, 372 So.2d 438 (Fla.1979), the Florida Supreme Court construed this statute in a case involving line-of-duty state disability benefits as imposing a "clear and convincing" burden of proof in certain circumstances. Significantly, both to our decision today and to an understanding of the case law on this point, the record in Caldwell included "evidence that [the employee's heart attack] was caused by arteriosclerosis unrelated to ... employment, and there was evidence that recent employment stress or employment stress over a period of time caused the attack in whole or in part." Id. at 439 (quoting Caldwell v. Div. of Retirement, 344 So.2d 923, 924 (Fla. 1st DCA 1977)). The court specifically noted that "[t]he medical testimony crucial to this case was conflicting." Id. This court, in the underlying opinion that the supreme court would eventually quash, determined that the heart attack resulted from arteriosclerosis, unrelated to Caldwell's duties as a fireman. See Caldwell, 344 So.2d at 924-25.
In reviewing the case, our supreme court discussed the significance of a presumption established by law:
The Court in Nationwide Mutual Insurance Co. v. Griffin, 222 So.2d 754, 756 (Fla. 4th DCA 1969), discussed the vanishing presumption as follows:
A presumption is a rule of law which attaches to certain evidentiary facts and is productive of certain procedural consequences. The presumption is not itself evidence and has no probative value. Florida follows generally [albeit not always] what is something called the Thayerian rule to the effect that when credible evidence comes into the case contradicting the basic fact or facts giving rise to the presumption, the presumption vanishes and the issue is determined on the evidence just as though no presumption has ever existed. Conversely, if the basic facts are sufficiently proven so as to give rise to the presumption and not thereafter contradicted by credible evidence, the party in whose favor the presumption exists becomes entitled to a directed verdict. Thus, in either event, the presumption is productive of these procedural consequences but is not a matter for the jury to consider.
Another type of rebuttable presumption is one which affects the burden of proof. These are expressions of social policy.
When evidence rebutting such a presumption is introduced, the presumption does not automatically disappear. It is not overcome until the trier of fact believes that the presumed fact has been overcome by whatever degree of persuasion is required by the substantive law of the case. This may be by a preponderance of the evidence or by clear and convincing evidence, as the case may be.
Caldwell, 372 So.2d at 440 (citations omitted). As the supreme court concluded, the presumption embodied in section 112.18(1) affects the burden of persuasion and, accordingly, it is not in the nature of a vanishing presumption which, as the court discussed in the passage quoted above, dissolves upon the introduction of conflicting evidence. Id. at 440-41. The author of Caldwell, in a later opinion, characterized the presumption identified by the Caldwell court as one that "shift[s] the burden to the party against whom the presumption operates to prove the nonexistence of the fact presumed." Public Health Trust of Dade County v. Valcin, 507 So.2d 596, 600 (Fla.1987). This type of presumption does not vanish in the face of evidence to the contrary. See id. "`It is *582 not overcome until the trier of fact believes that the presumed fact has been overcome by whatever degree of persuasion is required by the substantive law of the case.'" Id. at 600-01 (quoting Caldwell, 372 So.2d at 440).
The Caldwell court, although never actually quoting the statute it construed and applied, determined nevertheless that the statutory presumption "cast on the employer the burden of persuading the trier of fact that the disease was caused by a non-occupationally related agent." 372 So.2d at 441. Accordingly, and again without any quotation from the statute, the court determined that "it is necessary that the [employer] show that the disease causing disability or death was caused by a specific, non-work related event or exposure." Id. The court emphasized that this determination was an "expression of a strong public policy" which has created a species of rebuttable presumption, rather than a vanishing presumption. The Court explained:
Where the evidence is conflicting, the quantum of proof is balanced and the presumption should prevail. This does not foreclose the employer from overcoming the presumption. However, if there is evidence supporting the presumption the employer can overcome the presumption only by clear and convincing evidence.

Id. (emphasis added).
The presumption established by the statute, and construed in Caldwell, applies in workers' compensation cases. See S. Trail Fire Control Dist. v. Johnson, 449 So.2d 947 (Fla. 1st DCA 1984). In City of Temple Terrace v. Bailey, 481 So.2d 49, 50 (Fla. 1st DCA 1985), we construed the presumption as interpreted by the supreme court in Caldwell:

Caldwell involved an entirely different factual situation [than City of Temple Terrace] and is inapplicable. In Caldwell the medical evidence as to the cause of the heart disease was conflicting. There was evidence that the disease was caused by arteriosclerosis unrelated to the claimant's employment and there was also evidence that the stress of the claimant's employment over a period of time caused in whole or in part the heart attack. In Caldwell the court held that the statutory presumption of § 112.18(1) prevails in cases where the medical evidence is conflicting and the quantum of proof is balanced. However, there is no conflict in this case. The medical evidence is consistent and uncontroverted that claimant's disability was caused by the natural progression of a congenital heart disease which had been present since claimant's birth.
In City of Temple Terrace, we explained that Caldwell addressed a case in which the claimant put on evidence that the stress of his employment caused, in whole or in part, the heart attack. City of Temple Terrace, 481 So.2d at 50. Accordingly, to avoid nullifying the statutory presumption, the Caldwell court determined that the presumption must apply in cases where the medical evidence is conflicting "and the quantum of proof is balanced." Caldwell, 372 So.2d at 441; see City of Temple Terrace, 481 So.2d at 50. In City of Temple Terrace, however, the panel found that all the medical experts agreed "that claimant's disability was caused by the natural progression of a congenital heart disease." City of Temple Terrace, 481 So.2d at 50. As we read City of Temple Terrace, the court held that, where a claimant relies entirely upon the presumption, the employer/carrier could succeed by presenting competent substantial evidence of "non-work related causation." Id. Although the court in City of Temple Terrace found that the evidence met the *583 clear and convincing standard, that finding was not necessary for the court's holding.
We agree with City of Temple Terrace that Caldwell's "clear and convincing evidence" standard does not apply where the only evidence other than the presumption is introduced by the employer/carrier in an attempt to rebut the presumption. The Caldwell court pointedly observed that where "there is evidence supporting the presumption the employer can overcome the presumption only by clear and convincing evidence." Caldwell, 372 So.2d at 441. Accordingly, Caldwell does not address the situation in the present case, where the claimant relied exclusively upon the statutory presumption and presented no corroborating or supporting medical evidence.
As one might expect, we have generally followed Caldwell, as construed in City of Temple Terrace, in our ensuing case law. See Talpesh v. Village of Royal Palm Beach, 994 So.2d 353 (Fla. 1st DCA 2008); Lentini v. City of West Palm Beach, 980 So.2d 1232 (Fla. 1st DCA 2008); Saldana v. Miami-Dade County, 978 So.2d 823 (Fla. 1st DCA 2008); City of Tarpon Springs v. Vaporis, 953 So.2d 597, 599 (Fla. 1st DCA 2007); Seminole County Sheriff's Office v. Johnson, 901 So.2d 342 (Fla. 1st DCA 2005). In at least three cases, however, we have noted the "clear and convincing" and "specific non-work related event or exposure" language of Caldwell, although without reference to the state of facts that existed in the Caldwell case. See Butler v. City of Jacksonville, 980 So.2d 1250 (Fla. 1st DCA 2008); City of West Palm Beach v. Burbaum, 632 So.2d 145 (Fla. 1st DCA 1994); Daniels v. Div. of Retirement, 389 So.2d 340 (Fla. 1st DCA 1980) (addressing statutory presumption, but reversing because "the Division substituted findings of fact for contrary findings of the hearing officer on subjects on which the hearing officer's recommended order was entitled to greater deference").
We believe that our inconsistency in analyzing the presumption and Caldwell has been caused, at least in part, by our occasional erroneous practice of appellate reweighing of evidence. As this court explained in Chavarria v. Selugal Clothing, Inc., 840 So.2d 1071, 1076 (Fla. 1st DCA 2003), "the controlling rule for review of workers' compensation orders is `whether there is substantial competent evidence in accordance with logic and reason to sustain the finding of the [JCC] ....'" (quoting Andrews v. C.B.S. Division, Maule Industries, 118 So.2d 206, 208 (Fla.1960)). We note that City of Temple Terrace is one case in which this court has ruled on the merits of the case by reweighing the evidence and reversing the deputy. To that extent, we recede from City of Temple Terrace.
In summary, there is a clear path for the application of the section 112.18(1) presumption. The presumption does not vanish upon presentation of contrary evidence. Valcin, 507 So.2d at 600. Instead, it remains with the claimant who establishes his or her entitlement to the presumption and the presumption is itself sufficient to support an ultimate finding of industrial causation unless overcome by evidence of sufficient weight to satisfy the trier of fact that the tuberculosis, heart disease or hypertension had a non-industrial cause. Caldwell, 372 So.2d at 440. It is the evidence of non-industrial causation that may be found to rebut the presumption, not the mere existence of risk factors or conditions.
The employer's ability to rebut the presumption is not limited by an obligation to demonstrate a single non-industrial cause, see City of Tarpon Springs v. *584 Vaporis, 953 So.2d 597, 599 (Fla. 1st DCA 2007), in that non-industrial causation may be shown through demonstration of a combination of wholly non-industrial causes. For example, if the employer's medical testimony shows that several non-work related factors or conditions are the cause of a heart attack, and such evidence is accepted and credited by the trier of fact, such testimony could be found sufficient as competent and substantial evidence to rebut the statutory presumption and establish non-industrial causation. See Lentini v. City of West Palm Beach, 980 So.2d 1232, 1233 (Fla. 1st DCA 2008). All of the cases in which the presumption applies should be reviewed by examining whether there was an evidentiary basis of support for whatever decision the trier of fact reached. If a JCC finds that a claimant is entitled to the presumption even in the face of contrary evidence, the presumption itself can provide the competent, substantial evidence to uphold the JCC's ruling for the claimant. Likewise, if the record contains competent substantial evidence of causation upon which the JCC relies in finding the presumption to have been rebutted, the JCC's ruling for the employer should be upheld. Vaporis, 953 So.2d at 599. In the case before us, Dr. Nocero provided competent substantial evidence of causation in testifying that CFL was "the major contributing cause of Officer Punsky's heart attack of 2002."
It is only when there is evidence supporting the presumption which is accepted as credible by the JCC that clear and convincing evidence would be required to be found by the JCC under Caldwell to rebut the statutory presumption. Caldwell, 372 So.2d at 441. Of course, when we review a JCC's findings involving the burden of clear and convincing evidence, our standard of review is unchanged. Matrix Employee Leasing v. Pierce, 985 So.2d 631, 634 (Fla. 1st DCA 2008). In Pierce, a workers' compensation case, we quoted with approval from McKesson Drug Co. v. Williams, 706 So.2d 352, 353-54 (Fla. 1st DCA 1998), where we explained:
In civil cases involving the burden of clear and convincing evidence, an appellate court may not overturn a trial court's finding regarding the sufficiency of the evidence unless the finding is unsupported by record evidence, or as a matter of law, no one could reasonably find such evidence to be clear and convincing. Accordingly, the appellate court's function is not to conduct a de novo proceeding or reweigh the evidence by determining independently whether the evidence as a whole satisfies the clear and convincing standard, but to determine whether the record contains competent substantial evidence to meet the clear and convincing evidence standard.
Even though we are bound to follow Caldwell, see Hoffman v. Jones, 280 So.2d 431, 440 (Fla.1973), which we do here, we are concerned that the court in Caldwell added a clear and convincing burden of proof to section 112.18(1) where the legislature provided for rebuttal of the "firefighter's presumption" by the introduction of "competent evidence." Accordingly, we certify the following question of great public importance:
SHOULD CALDWELL V. DIVISION OF RETIREMENT, FLORIDA DEPARTMENT OF ADMINISTRATION, 372 So.2d 438 (Fla.1979), BE CONSTRUED TO MEAN THAT THE HEIGHTENED BURDEN OF CLEAR AND CONVINCING EVIDENCE IS REQUIRED TO REBUT THE "FIREFIGHTER'S PRESUMPTION" IN SECTION 112.18(1) WHEN THAT STATUTE EXPRESSLY PROVIDES THAT THE PRESUMPTION MAY BE *585 REBUTTED BY THE LESSER BURDEN OF "COMPETENT EVIDENCE?"
Because the challenged ruling here is supported by competent, substantial evidence, the appealed order is AFFIRMED.
HAWKES, C.J., BARFIELD, ALLEN, WOLF, KAHN, WEBSTER, DAVIS, VAN NORTWICK, PADOVANO, LEWIS, and CLARK, JJ., concur; BENTON, J., concurring with written opinion in which THOMAS and ROBERTS, JJ., concur.
BENTON, J., concurring in the judgment.
Until and unless the supreme court modifies its decision in Caldwell v. Division of Retirement, Florida Department of Administration, 372 So.2d 438 (Fla.1979), or the Legislature amends section 112.18(1), Florida Statutes, we are bound to follow Caldwell. See Hoffman v. Jones, 280 So.2d 431, 440 (Fla.1973). While suggesting that Caldwell was wrongly decided to begin with, the per curiam opinion purports to accept this proposition. In at least one respect, however, the per curiam opinion misreads Caldwell: The view that a claimant entitled to the section 112.18(1) presumption must buttress the presumption with medical evidence linking the tuberculosis, heart disease, or hypertension to his or her employment before the employer must shoulder the burden to present clear and convincing evidence of specific, non-industrial causation to rebut the presumption is at odds with the rule laid down in Caldwell.
The majority opinion seems to say that the employer can rebut the statutory presumption by a mere preponderance of the evidence, where there is no medical evidence (which the judge of compensation claims finds credible) that a claimant's disabling disease or condition was in fact "suffered in the line of duty." § 112.18(1), Fla. Stat. (2005). See ante at 582-83. On this point, the majority opinion relies on the Caldwell court's statement that "if there is evidence supporting the presumption the employer can overcome the presumption only by clear and convincing evidence." Caldwell, 372 So.2d at 441. But the clause "if there is evidence supporting the presumption" should be read to mean "if there is evidence that gives rise to the presumption." See id. at 440 ("A presumption has been defined as an inference required by a rule of law to be drawn as to the existence of one fact from the existence of some other established basic fact or combination of facts." (citing 3 B. Jones, Jones on Evidence § 3.1 (6th ed. 1972))). See also Black's Law Dictionary 1205 (7th ed. 1999) (defining a rebuttable presumption as an "inference drawn from certain facts that establish a prima facie case, which may be overcome by the introduction of contrary evidence.").
The only "evidence supporting the presumption" that the statute requires is proof that the claimant was employed as a law enforcement officer, fireman or other covered employee, that he suffered from a condition or impairment caused by tuberculosis, heart disease or hypertension which resulted in disability or death, and that he had passed a physical examination upon entering into service as a law enforcement officer or other covered position, which failed to reveal any evidence of the disabling disease. See § 112.18(1), Fla. Stat. (2005). Upon such proof, a claimant is entitled to the presumption that his subsequently occurring disease is work-related unless and until the presumption is rebutted by clear and convincing evidence. See Caldwell, 372 So.2d at 441. All agree that Officer Punsky is entitled to the presumption in the present case.
As we recently said in Butler v. City of Jacksonville, 980 So.2d 1250, 1251 (Fla. 1st DCA 2008) (on motion for clarification):

*586 In Caldwell v. Division of Retirement, 372 So.2d 438, 440-41 (Fla.1979), the Florida Supreme Court explained that the presumption embodies the social policy of the state which recognizes that firemen are subjected during their career to the hazards of smoke, heat, and nauseous fumes from all kinds of toxic chemicals as well as extreme anxiety derived from the necessity of being constantly faced with the possibility of extreme danger. The legislature recognized that this exposure could cause a fireman to become the victim of tuberculosis, hypertension, or heart disease.
The statute creates the same presumption for law enforcement personnel as for firefighters. For both, therefore, we held in Butler that
the presumption relieves the claimant from the necessity of proving an occupational causation of the disease resulting in disability or death. [Caldwell, 372 So.2d] at 441. The presumption switches the burden of proof from the claimant to the employer and may be overcome by clear and convincing evidence that the disease was caused by a specific non-work-related event or exposure. Id.

Butler, 980 So.2d at 1251. In doing so, we followed the forty-year old rule the supreme court laid down in Caldwell.
Neither the statute nor Caldwell requires claimant to present medical or other credible evidence of non-industrial causation in order to enjoy the full benefit of the presumptionevidence the statute was designed to relieve a claimant from the need to introduce. See Caldwell, 372 So.2d at 441. ("The statutory presumption relieve[s] [a claimant] from the necessity of proving an occupational causation of heart disease. The statute cast[s] on the employer the burden of persuading the trier of fact that the disease was caused by a non-occupationally related agent."); Bivens v. City of Lakeland, 993 So.2d 1100, 1102 (Fla. 1st DCA 2008). Caldwell establishes the quantum of evidence an employer must adduce in order to rebut the section 112.18(1) presumptionsomething the statute itself concededly does not specify. As a practical matter, requiring testimony of the kind the per curiam opinion contemplates, viz., "that recent employment stress or employment stress over a period of time caused the attack in whole or in part," ante p. 581 (quoting Caldwell v. Div. of Retirement, 344 So.2d 923, 924 (Fla. 1st DCA 1977)), will add to the costs of the determination without a concomitant increase in reliability. As a theoretical matter, requiring different evidentiary standards for rebutting the same presumption may be unprecedented.
This is not to say that a claimant will not need to put on evidence to prevail if and when an employer adduces evidence that would, unless itself rebutted, clearly and convincingly establish that the disabling condition "was caused by a specific, non-work related event or exposure." Caldwell, 372 So.2d at 441. In the present case, the judge of compensation claims, explicitly applying a "clear and convincing" standard, credited the employer's evidence rebutting the presumption and found against the claimant. Our "task ... is not to conduct a de novo proceeding, reweigh the testimony and evidence given at the trial court, or substitute our judgment for that of the trier of fact," In re Adoption of Baby E.A.W. v. J.S.W., 658 So.2d 961, 967 (Fla.1995), but to ascertain whether there is "competent substantial record evidence which the judge could reasonably find to be clear and convincing." Walgreen Co. v. Carver, 770 So.2d 172, 175 (Fla. 1st DCA 2000) (quoting Jacaranda Manor v. Randolph, 755 So.2d 781, 782 (Fla. 1st DCA *587 2000)). On this basis, the order denying benefits should be affirmed.