61 So.3d 1239 (2011)
CLAY COUNTY BOARD OF COUNTY COMMISSIONERS/SCIBAL ASSOCIATES, Appellants,
v.
Richard A. BRAMLITT, Appellee.
No. 1D10-3888.
District Court of Appeal of Florida, First District.
May 23, 2011.
Richard M. Stoudemire of Saalfield, Shad, Jay, Stokes, and Inclan, P.A., Jacksonville, for Appellants.
Kelli Biferie Hastings of Bichler & Kelley, P.A., Maitland, and John J. Schickel, Jacksonville, for Appellee.

ON MOTION FOR REHEARING
PER CURIAM.
We deny the Employer/Carrier's motion for rehearing, but on our own motion, we withdraw our prior opinion and substitute the following in its place.
The Employer/Carrier (E/C) raises two issues in this workers' compensation appeal, contending the Judge of Compensation Claims erred (1) in concluding that Claimant's hypertension is compensable, and (2) in ordering the E/C to reimburse Claimant for out-of-pocket medical expenses. We affirm as to the first issue without further comment.
We reverse as to the second issue because Claimant did not file a petition for benefits seeking reimbursement for out-of-pocket medical expenses, and the Judge of Compensation Claims' finding that the E/C stipulated to determination of the issue is not supported by competent substantial evidence. Due process bars a ruling on matters not at issue because the parties are entitled to notice in order to fairly present their case. See Specialty Risk Servs. v. Fleming, 875 So.2d 742 (Fla. 1st DCA 2004); Commercial Carrier Corp. v. LaPointe, 723 So.2d 912, 915 (Fla. 1st DCA 1999); Lakeside Baptist Church v. Jones, 714 So.2d 1188, 1190 (Fla. 1st DCA 1998).
AFFIRMED in part; REVERSED in part.
BENTON, C.J., and PADOVANO, J., concur; WETHERELL, J., concurs specially with opinion.
WETHERELL, J., specially concurring.
I agree with the disposition of this case. I write separately because, in my view, the first issue is premised on the erroneous assumption that the JCC found Claimant's hypertension compensable.
The final order finds Claimant's "heart condition" compensable, but it includes no findings regarding Claimant's hypertension. It is clear from the record that the parties separately litigated the compensability of Claimant's heart condition (coronary artery disease, unstable angina, and heart lesion) and his hypertension. It is also clear from the record that the JCC understood that Claimant's heart condition and his hypertension were different, both medically and for purposes of compensability. Nevertheless, the compensability of Claimant's hypertension is not addressed in the final order.
Arguably, Claimant's failure to secure a ruling from the JCC on the compensability of his hypertension constitutes a denial of that benefit because it was ripe, due, and owing at the time of the final hearing. However, this argument was not made by the E/C and, in any event, it appears that the E/C may be responsible for the treatment of Claimant's hypertension under the *1240 hindrance-to-recovery theory because the record contains medical testimony that the failure to treat the hypertension will hinder the treatment and recovery of Claimant's heart condition, which the E/C now concedes is compensable.[*] Thus, as a practical matter, it likely makes little difference whether we affirm or reverse the first issue. However, because this issue, as re-framed by the E/C in its reply brief, does not present a basis for reversal, I agree that the issue should be affirmed.
NOTES
[*] The initial brief framed the first issue as whether "[t]he JCC erred in determining that Claimant's heart condition and hypertension were compensable under § 112.18, Fla. Stat." (emphasis added). On this issue, the E/C argued that the JCC erred in determining that the presumption applied to Claimant's hypertension; that the E/C rebutted the presumption that Claimant's hypertension was work-related; and that the JCC applied the wrong standard of proof and misconstrued this court's decision in Punsky v. Clay County Sheriff's Office, 18 So.3d 577 (Fla. 1st DCA 2009), in determining that the E/C failed to rebut the presumption as to both the hypertension and heart condition. The reply brief clarified that "it is only the application of the [section 112.18] presumption to Claimant's hypertension that is at issue in the present appeal." The E/C argues in its motion for rehearing that the panel misconstrued this "inarticulately phrased" statement because "[i]n making the statement that the presumption issue only applied to the claimant's hypertension, the [E/C] did not state that they were abandoning the issue of whether they had successfully rebutted the presumption as to the hypertension and the heart condition." However, this argument overlooks the fact that, in addition to this statement, the reply brief also specifically re-framed the first issue as whether "[t]he JCC erred in determining that Claimant's hypertension was compensable under § 112.18, Fla. Stat." (emphasis added). Accordingly, notwithstanding the explanation of the statement offered by the E/C in its motion for rehearing, I do not see how the reply brief can be interpreted as anything other than a concession that Claimant's heart condition is compensable. (I note that the E/C's briefs were not filed by counsel listed in this opinion.)