BENTON, C.J.
On this appeal of the order of a judge of compensation claims denying all benefits claimed on account of Jimmy Walters’s heart disease, we reverse and remand for the award of medical benefits for the care and treatment of his heart disease and of any other workers’ compensation benefits he may be entitled to on account of his heart disease.
Section 112.18, Florida Statutes (2009) — variously known as the “Firefighter’s Presumption,” the “Heart and Lung Bill” or the “Heart-Lung Statute,” see 9 Patrick John McGinley, Fla. Prac. Workers’ Comp, with Forms § 11:6 (2012 ed.) — creates a rebuttable presumption of occupational causation for disabling heart disease (among other health conditions) suffered by correctional officers (among others) who meet certain prerequisites.[1] The presumption is dispositive unless rebutted by medical evidence. See Fuller v. Okaloosa Corr. Inst., 22 So.3d 803, 806 (Fla. 1st DCA 2009). In order to rebut the presumption, the medical evidence must prove “the disease ... was caused by a specific, non-work related event or exposure,” Caldwell v. Div. of Ret., Fla. Dep’t of Admin., 372 So.2d 438, 441 (Fla. 1979), superseded by statute on other grounds as stated in Universal Ins. Co. of N. Am. v. Warfel, 82 So.3d 47, 52-54 (Fla.2012), ie., by “some non-work-related factor.” Lentini v. City of W. Palm Beach, 980 So.2d 1232, 1233 (Fla. 1st DCA 2008). See also City of Tarpon Springs v. Vaporis, 953 So.2d 597, 599 (Fla. 1st DCA *1175 2007). The presumption can also be rebutted by proof of a specific “combination of wholly non-industrial causes.” Punsky v. Clay Cnty. Sheriff’s Office, 18 So.3d 577, 583-84 (Fla. 1st DCA 2009).
In the present case, the parties stipulated to the factual predicate necessary to give rise to the statutory presumption of occupational causation.[2] Mr. Walters is a corrections officer whose job required, among other things, that he gather newly received inmates’ clothing when new arrivals were ordered to change into prison garb. Before he began work as a correctional officer, a medical examination revealed no heart disease of any kind. Beginning the week before he went to the hospital on December 22, 2009, he felt as if he were coming down with a cold, but he worked the full week anyway. Only after chills and nausea on his days off, and when he began to experience chest pain, did he go to Gulf Coast Medical Center where he was treated for “heart symptoms.” From there he was then taken by ambulance to Bay Medical Center, where he was diagnosed with myoperiearditis and cardiomyopathy, and remained hospitalized for several days.
Relying on the presumption of occupational causation set out in section 112.18, Florida Statutes (2009), he later filed a workers’ compensation claim asserting the heart disease was compensable. After the State of Florida denied the claim, the judge of compensation claims, while acknowledging that the statutory presumption arose, ruled the State had rebutted the presumption with testimony that Mr. Walters’s heart disease was attributable to viral gastroenteritis. The same order also said that the appellant had not proven that viral gastroenteritis was an occupational disease in the manner contemplated by section 440.151, Florida Statutes (2009).
In his single point on appeal, the appellant relies, as he did as claimant below, on the section 112.18 presumption. He contends the order under review erred both in finding that the State had rebutted the section 112.18 presumption and in shifting the burden of proof back to him, requiring him to establish that the stomach virus was an occupational disease. He takes no exception to the finding that his cardiac problems were traceable to a stomach virus, but argues that, because the etiology of his viral gastroenteritis — the source of the stomach virus — is unknown, the State failed to prove that the cause of his heart disease was non-occupational, and thus failed to rebut the section 112.18 presumption. The presumption obviated any requirement on his part to prove that he contracted the virus at work, he maintains.
*1176 Once it arises, the presumption of occupational causation “remains with the claimant ... and ... is itself sufficient to support an ultimate finding of industrial causation unless overcome by evidence of sufficient weight to satisfy the trier of fact that the tuberculosis, heart disease or hypertension had a non-industrial cause.” Punsky, 18 So.3d at 583; see generally Warfel, 82 So.3d at 52-54. Unless the statutory presumption is rebutted, the presumption is an adequate substitute for evidence of occupational causation, and compels the legal result that a claimant has proven occupational causation. See Pun-sky, 18 So.3d at 582-84. The presumption controls “unless the contrary be shown.” § 112.18(2), Fla. Stat. (2009).
If the presumption applies, the claimant is under no obligation to establish occupational causation redundantly by adducing evidence beyond what was necessary to give rise to the presumption in the first place. Specifically, there is no requirement to put on proof meeting the requirements of section 440.151, Florida Statutes (2009), (titled “Occupational diseases”), unless and until the section 112.18 presumption is rebutted. “[A] claimant’s burden of proving major contributing cause (MCC) by medical evidence, is fully met where the presumption contained in section 112.18(1) is applied-” Fuller, 22 So.3d at 806.
Nobody suggests that substantial, competent evidence did not support the finding that “it was gastroenteritis, as a result of an unnamed virus, that caused a viral car-diomyopathy and pericarditis from which the Claimant suffered.” But no evidence whatsoever supports this additional finding: “I further find this to be non-occupational in nature and therefore not work-related.” Whether “this” references the gastroenteritis, the virus, or the heart disease, no competent evidence in the record supports the assertion that “this” was “non-occupational in nature” and “not work-related.” As far as this record shows, Mr. Walters may well have encountered the virus, the organism that caused first the gastroenteritis then the cardiom-yopathy and pericarditis, at his workplace.
Whether appellant caught the stomach virus at work or elsewhere was not proven and may not be knowable. The only opinions the doctors gave on the source of the virus were: “Q.... [C]ould you tell me where he got it [the virus]? A. [Dr. Trant-ham] No.” and [Dr. Castello] “It must be a virus. I don’t know which one or where it came from.” And finally “Q. But again, we don’t know what virus and from where it came from; is that reasonable? A. [Dr. Whitworth] Yes, that’s reasonable.” The State had the burden to prove he did not get the virus at work, and failed to eariy its burden.
The judge of compensation claims erroneously imported into this Heart and Lung Statute case the legal requirements claimants must meet to demonstrate entitlement to workers’ compensation benefits for other “occupational diseases” as provided for in section 440.151, Florida Statutes (2009). Mr. Walters sought to establish, not an occupational disease, but a “condition or impairment of ... any ... correctional officer ... caused by ... heart disease ... resulting in total or partial disability ... presumed to have been accidental and to have been suffered in the line of duty.” § 112.18(1), Fla. Stat. (2009). In shifting the burden to the claimant to prove that the offending virus was work-related, the judge of compensation claims failed to give proper effect to the section 112.18 presumption. The State never rebutted the presumption of an “accident” in the line of duty, a presumption that arose in the present case on stipulated facts.
*1177 Accordingly, we remand with directions that the judge of compensation claims award medical benefits for the care and treatment of appellant’s heart disease and any other workers’ compensation benefits he is entitled to on account of his heart disease.
Reversed and remanded, with directions.
MARSTILLER and RAY, JJ., concur.

. The claimant must have passed a physical examination upon entering into service as a correctional officer (or other covered position), which failed to reveal any evidence of the disabling disease. § 112.18(1), Fla. Stat. (2009).

. Our supreme court discussed what section 112.18, Florida Statutes (2009), requires in Caldwell v. Division of Retirement, Florida Department of Administration, 372 So.2d 438, 440-41 (Fla.1979). In the absence of stipulated facts, the statute requires "proof that the claimant was employed as a law enforcement officer, fireman or other covered employee, that he suffered from a condition or impairment caused by tuberculosis, heart disease or hypertension which resulted in disability or death, and that he had passed a physical examination upon entering into service as a law enforcement officer or other covered position, which failed to reveal any evidence of the disabling disease. See § 112.18(1), Fla. Stat. (2005). Upon such proof, a claimant is entitled to the presumption that his subsequently occurring disease is work-related unless and until the presumption is rebutted.... See Caldwell, 372 So.2d at 441. Punsky v. Clay Cnty. Sheriffs Office, 18 So.3d 577, 585 (Fla. 1st DCA 2009) (Benton, J., concurring). The parties in the present case stipulated that Mr. Walters had "heart disease” resulting in some disability and had “passed” the requisite examination — it had revealed no heart disease — and that he was employed as a correctional officer, which is a "covered position." Id.