IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

MIAMI-DADE COUNTY,

     Appellant,

v.

THOMASENA MITCHELL,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-1446

Opinion filed February 5, 2015.

An appeal from an order of the Judge of Compensation Claims.
Edward Ramos Almeyda, Judge.

Date of Accident: January 27, 2013.

R. A. Cuevas, Jr., Miami-Dade County Attorney, and Daron S. Fitch, Assistant County Attorney, Miami, for Appellant.

Wendy S. Loquasto of Fox & Loquasto, P.A., Tallahassee, and Paolo Longo of Bichler, Kelley, Oliver & Longo, Maitland, for Appellee.

PER CURIAM.

     In this workers' compensation appeal, the Employer challenges the Judge of Compensation Claims' (JCC's) determination that it failed to sufficiently rebut the presumption of occupational causation afforded Claimant, a law enforcement officer, under section 112.18(1)(a), Florida Statutes (2012). The Employer argues

that the JCC ignored or overlooked parts of the medical opinion testimony when he concluded that Claimant's slow pathway accessory was not a congenital condition. We agree and, accordingly, reverse and remand for further proceedings. We affirm the Employer's second issue on appeal without comment.

The parties stipulated that Claimant met the requirements for application of the presumption: (1) Claimant is a member of a protected class; (2) Claimant underwent a pre-employment physical that failed to reveal any evidence of heart disease; (3) Claimant was diagnosed with heart disease, specifically supraventricular tachycardia (SVT); and (4) Claimant was disabled on account of the SVT. The parties also agreed that, given the application of the presumption, it was the Employer's burden to offer medical evidence to rebut the presumption by demonstrating a non-occupational cause for the SVT. See Fuller v. Okaloosa Corr. Inst., 22 So. 3d 803, 806 (Fla. 1st DCA 2009) ("Because a claimant's burden of proving major contributing cause (MCC) by medical evidence, is fully met where the presumption contained in section 112.18(1) is applied, the Employer, in rebutting the presumption must likewise disprove occupational causation by medical evidence.").

The JCC found, as supported by the medical testimony, that the SVT was caused by a slow pathway accessory in combination with a triggering event. However, the JCC concluded that the medical evidence did not support a finding

2

that the slow pathway accessory was a congenital condition, i.e., one present since birth. It is this finding that the Employer challenges.

This Court has long recognized that an employer may offer evidence of a congenital condition to overcome the occupational presumption. See City of Temple Terrace v. Bailey, 481 So. 2d 49, 50-51 (Fla. 1st DCA 1985). Cf. Punsky v. Clay Cnty. Sheriff's Office, 18 So. 3d 577, 579 (Fla. 1st DCA 2009) (en banc) (explaining that medical evidence was uncontroverted that claimant's heart attack was most likely caused by genetic pre-disposition). Thus, the JCC's finding that Claimant's slow pathway accessory was not congenital was a finding that may have contributed to the ultimate conclusion in this case. See Special v. West Boca Med. Ctr., 39 Fla. L. Weekly S676, *1 (Fla. Nov. 13, 2014).

Two doctors testified in this matter. The JCC found that Dr. Borzak, Claimant's independent medical examiner, testified that the slow pathway accessory was "presumably" present from birth. The JCC found that Dr. Pianko, the physician authorized to treat Claimant during the time period the Employer was investigating compensability of the heart disease, testified that even though "Claimant may have been born with [slow pathway accessory], he did not know when it developed. It could have happened at birth, when she was 20 years old or later." On that basis, the JCC found there was no competent evidence establishing when the abnormality developed. However, the JCC's recitation of this portion of Dr. Pianko's testimony

3

and his resulting conclusion ignores Dr. Pianko's testimony on redirect that, within a reasonable degree of medical certainty, Claimant was most likely born with this condition. In the final order, the JCC did not indicate that he had rejected Dr. Pianko's testimony on redirect or reconciled it with the portion the JCC quoted. For this reason, it appears the JCC overlooked or failed to address this testimony on redirect.

Where it is demonstrated that the JCC overlooked or ignored evidence, which if considered by the JCC could change the outcome of the case, the proper remedy is reversal and remand for consideration of this evidence. See Rivas v. Oasis Outsourcing, Inc., 147 So. 3d 670, 672 (Fla. 1st DCA 2014) ("A JCC's finding of facts will be upheld on appeal if it is supported by the record and if it appears that the JCC did not overlook or ignore any facts.") (citing Chavarria v. Selugal Clothing, Inc., 840 So. 2d 1071, 1078-79 (Fla. 1st DCA 2003)). Here, as in Rivas, it appears that the JCC either overlooked or failed to address evidence or failed to sufficiently address this evidence in the order on appeal. Accordingly, it is appropriate that we REVERSE and REMAND this matter to the JCC for consideration of the medical evidence in its entirety.

THOMAS, ROWE, and OSTERHAUS, JJ., CONCUR.