PER CURIAM.
In this workers’ compensation appeal, Orange County and Alternative Service Concepts, the Employer/Carrier (E/C), challenge an order of the Judge of Compensation Claims (JCC) awarding Claimant, Lavonda Wilder, appellee, benefits for her heart disease based upon the presumption of occupational causation available in section 112.18, Florida Statutes (2010). The E/C acknowledges that Claimant met the prerequisites of proof for application of the presumption, including that her viral cardiomyopathy constitutes “heart disease” as that term is used in section 112.18. The E/C argues, however, that the *481 JCC erred in failing to rule that the E/C had rebutted the statutory presumption by proving the cause of the cardiomyopathy was a virus. In the order under review, the JCC found that the E/C bore, but failed to meet, the burden of proving Claimant’s employment was not the cause of the viral cardiomyopathy. As this court recently held in Walters v. State of Florida—DOC/Division of Risk Management, 100 So.3d 1173, (Fla. 1st DCA 2012), another case involving viral cardiomyopathy, “[i]f the presumption applies, the claimant is under no obligation to establish occupational causation redundantly by adducing evidence beyond what was necessary to give rise to the presumption in the first place.... The State had the burden to prove he did not get the virus at work, and failed to carry its burden.” Here, the JCC correctly applied the law consistent with Walters and competent substantial evidence supports the JCC’s finding that the E/C failed to meet its burden of proof.
AFFIRMED.
WOLF, VAN NORTWICK, and LEWIS, JJ., concur.