PER CURIAM.
Claimant, a corrections officer, challenges an order of the Judge of Compensation Claims (JCC) denying compensation for a cardiac condition. Claimant argues competent substantial evidence (CSE) does not support the JCC’s finding that the Employer rebutted the presumption of compensability provided for in section 112.18, Florida Statutes (2007), by showing a non-occupational cause of the condition. We agree and reverse.
Background
In 1995, prior to entering into service as a corrections officer with the Employer, Claimant suffered a fainting episode which required medical attention. Claimant was hospitalized and underwent a battery of tests, all of which were negative for any cardiac condition or heart disease. In 1997, Claimant became employed with the Employer as a corrections officer after successfully passing a physical examination which failed to reveal any evidence of a cardiac condition.
In 2003, while Claimant was employed with the Employer, Claimant had another fainting episode that was attributed to either sick sinus syndrome or vasovagal syncope, conditions which cause a decreased heart rate which, in turn, causes an individual to become dizzy and pass out. As a result, a pacemaker was implanted to prevent the recurrence of such syncopal events.
Claimant filed a claim for compensation for this condition, and the JCC found that whether Claimant was suffering from sick *805 sinus syndrome or vasovagal syncope, both were cardiac conditions and thus, Claimant was entitled to the presumption afforded by section 112.18(1), Florida Statutes. Nevertheless, the JCC found the E/C rebutted the presumption because logic dictated that the same condition that caused the decreased heart rate that resulted in the 1995 syncopal episode (which predated Claimant’s employment) was also responsible for the 2003 event. Significantly, this finding was supported by the opinion testimony of the Employer’s independent medical examiner (IME), Dr. Videau, who testified that the most likely diagnosis was vasovagal syncope, which was pre-existing and, thus, not job-related. On appeal, this court affirmed the JCC’s finding and the resulting denial of compensation. Fuller v. Okaloosa Corr. Inst., 13 So.3d 470 (Fla. 1st DCA 2009) (PCA).
In 2007, Claimant had another fainting episode. At the time of this event, however, a rapid heart rate was recorded by Claimant’s pacemaker. Because the pacemaker was implanted to prevent a decreased heart rate and episodes relating therefrom and further, because an elevated heart rate was recorded, Dr. Mathias, Claimant’s cardiology IME, ruled out vaso-vagal syncope as the cause of the 2007 event — the cause ascribed by the Employer’s IME, Dr. Videau. Dr. Mathias further opined that the most likely diagnosis of the condition causing the 2007 event was right ventricle outflow tract (RVOT) tachycardia, which is a rapid heartbeat from the right ventricle. Dr. Mathias could not state whether Claimant had this same condition prior to his employment. Contrarily, Dr. Videau, testified he did not believe Claimant had RVOT tachycardia.
Claimant filed a claim for compensability of the RVOT tachycardia. The JCC found RVOT tachycardia was the only suggested diagnosis which would explain why Claimant suffered the 2007 syncope. The JCC found Claimant established entitlement to the presumption of compensability afforded by section 112.18(1). Nevertheless, the JCC again found the E/C rebutted the presumption because he found it reasonable and logical to conclude RVOT tachycardia caused not only the 2007 episode, but the 1995 and 2003 episodes as well. In explaining the means by which the E/C overcame the presumption of compensability, the JCC stated:
Unlike 2007 when the pacemaker was in place to act as a heart monitor, claimant was not subject to any form of heart monitoring in 1995 or 2003. As a result, there is no evidence Claimant’s syncope episodes in 1995 and 2003 were caused by a decrease in heart rate as opposed to an increase in heart rate. If, as Claimant contends and as Dr. Mathias opines, his proper diagnosis is RVOT tachycardia, I find it both reasonable and logical to conclude RVOT tachycardia caused not only the 2007 episode, but the 1995 and 2003 episodes as well.
On appeal, Claimant argues CSE does not support the JCC’s finding the Employer rebutted the presumption of compensa-bility afforded by section 112.18(1), because no medical evidence established Claimant had a cardiac condition or disease, most notably RVOT tachycardia, pri- or to entering service as a corrections officer.
Analysis
We begin by noting that the unique procedural posture of this case constrains our analysis. Here, the JCC found Claimant, a corrections officer, had disabling RVOT tachycardia, a cardiac condition, which was undetected on Claimant’s pre-employment physical. Accordingly, the JCC concluded Claimant was entitled to the presumption of compensability found in section 112.18(1). These findings and *806 conclusions are not challenged on appeal and thus, the foundation of our opinion is predicated on a presumed, but rebuttable, finding that Claimant’s 2007 episode was caused by RVOT tachycardia which was accidental and suffered in the line of duty pursuant to section 112.18(1). Because Claimant successfully passed the pre-em-ployment physical, a necessary condition for the application of the presumption, the 1995 fainting episode becomes relevant only to the extent, if any, that it supports the Employer’s burden in rebutting the presumption of occupational causation relative to the RVOT tachycardia.
The presumption afforded by section 112.18(1)(2007) relieves a qualifying claimant from the necessity of proving occupational causation of the heart disease resulting in disability or death. See Talpesh v. Village of Royal Palm Beach, 994 So.2d 353 (Fla. 1st DCA 2008). In Punsky v. Clay County Sheriff’s Office, 18 So.3d 577 (Fla. 1st DCA 2009), this court stated as follows:
In summary, there is a clear path for the application of the section 112.18(1) presumption. The presumption does not vanish upon presentation of contrary evidence. Instead, it remains with the claimant who establishes his or her entitlement to the presumption and the presumption is itself sufficient to support an ultimate finding of industrial causation unless overcome by evidence of sufficient weight to satisfy the trier of fact that the tuberculosis, heart disease or hypertension had a non-industrial cause. It is the evidence of non-industrial causation that may be found to rebut the presumption, not the mere existence of risk factors or conditions.
Punsky, 18 So.3d at 583 (internal citations omitted). Because a claimant’s burden of proving major contributing cause (MCC) by medical evidence, is fully met where the presumption contained in section 112.18(1) is applied, the Employer, in rebutting the presumption must likewise disprove occupational causation by medical evidence. See § 440.151(1), Fla. Stat. (2007) (requiring claimant to prove causation of occupational disease by presenting medical evidence establishing major contributing cause of disease is nature of employment); § 112.18(1), Fla. Stat. (2007) (stating any condition caused by heart disease shall be presumed to have been accidental and to have been suffered in the line of duty).
At oral argument, the Employer asserted that the strongest evidence of a nonoccupational cause of Claimant’s RVOT tachycardia comes from the testimony of Dr. Mathias, Claimant’s IME. Dr. Mathias offered no opinion, stated within a reasonable degree of medical certainty, establishing Claimant had RVOT tachycardia prior to his entry into service as a corrections officer. Moreover, Dr. Mathias testified he could not say whether RVOT tachycardia was responsible for the 1995 fainting episode.
Dr. Videau, whose medical diagnosis of vasovagal syncope was rejected by the JCC, testified within a reasonable degree of medical certainty that Claimant did not have RVOT tachycardia — ever. Because the JCC found RVOT tachycardia is the cardiac condition to which the section 112.18(1) presumption applies, it was incumbent on the E/C to demonstrate by medical testimony established within a reasonable degree of medical certainty, that the RVOT tachycardia was caused by some non-work-related factor. See Lentini v. City of W. Palm Beach, 980 So.2d 1232, 1233 (Fla. 1st DCA 2008) (stating where claimant can offer no evidence of occupational causation and relies exclusively on statutory presumption, E/C must produce CSE that establishes disease was caused by some non-work-related factor). Be *807 cause no medical evidence established a non-occupational cause of Claimant’s RVOT tachycardia within a reasonable degree of medical certainty, we are constrained to reverse because CSE does not support the JCC’s finding that the E/C rebutted the statutory presumption of compensability afforded by section 112.18(1), Florida Statutes (2007).
REVERSED and REMANDED for further entry of an order consistent with this opinion.
BENTON and THOMAS, JJ., and HANKINSON, JAMES C., Associate Judge, concur.