MARSTILLER, J.
 

 The claimant in this worker’s compensation appeal is a firefighter for the City of Pembroke Pines (“City”). On May 11, 2005, during his annual physical examination, he was diagnosed with hypertension. His physician assigned him to light duty and prescribed medication. After several days off work and two days of light duty, the claimant returned to normal duty and was deemed to have reached maximum medical improvement (“MMI”) on May 17, 2005. He has needed continued medical treatment since then, including medication to control high blood pressure and cholesterol, semi-annual physical examinations, and annual stress tests. He filed a petition for benefits in January 2009 when the employer/carrier (“E/C”), after paying medical benefits for three years, terminated benefits claiming that under section 112.18, Florida Statutes, he became ineligible for workers’ compensation benefits once he returned to normal duty. The Judge of Compensation Claims (“JCC”) ruled that the E/C must pay for treatment of the claimant’s hypertension even though he is no longer disabled by the condition and can fully perform his duties as a firefighter. We agree and affirm the JCC’s order.
 

 
 *32
 
 The Workers’ Compensation Act covers occupational diseases, provided that the “disease has resulted from the nature of the employment in which the employee was engaged ..., was actually contracted while so engaged, and the nature of the employment was the major contributing cause of the disease.” § 440.151(1)(a), Fla. Stat. (2004). The occupational disease must have caused a disability to be “treated as the happening of an injury by accident,” and thus, compensable.
 
 Id. See City of Port Orange v. Sedacca,
 
 953 So.2d 727, 729 (Fla. 1st DCA 2007). Section 112.18, Florida Statutes, creates a presumption of compensability for certain conditions suffered by firefighters and law enforcement and correctional officers.
 

 Any condition or impairment of health of any ... firefighter or any law enforcement officer or correctional officer ... caused by ... tuberculosis, heart disease, or hypertension resulting in total or partial disability ... shall be presumed to have been accidental and to have been suffered in the line of duty unless the contrary be shown by competent evidence.
 

 § 112.18(1), Fla. Stat. (2004). “[A] claimant’s burden of proving major contributing cause ... is fully met where the presumption ... is applied.... ”
 
 Fuller v. Okaloosa Corr. Inst.,
 
 22 So.3d 803, 806 (Fla. 1st DCA 2009). The E/C here accepted com-pensability of the claimant’s hypertension and paid for his medical treatment for more than three years. But now they assert the claimant was only entitled to the presumption in section 112.18, and thus medical benefits, during the week-long period his hypertension resulted in “total or partial disability.” In other words, now that the claimant’s job-related hypertension is successfully controlled by medication such that he is back to normal duty, the E/C need no longer pay for ongoing treatment of the condition.
 

 To be sure, under section 112.18 disability is necessary to establish compensability of any condition or impairment of health “caused by ... hypertension.”
 
 See Sedacca
 
 at 729. But once compensability is established, nothing in section 440.151, or elsewhere in chapter 440, conditions the receipt of medical benefits on continued disability, or limits payment of medical benefits to only the period of disability.
 
 See City of Miami v. Thomas,
 
 657 So.2d 927, 928 (Fla. 1st DCA 1995) (rejecting assertion by employer/carrier that disability giving rise to section 112.18 presumption must be permanent). Indeed, the occupational disease is treated as if it were “an injury by accident.” § 440.151(l)(a), Fla. Stat. (2004). As the JCC in this case correctly noted, section 440.13(2)(a), Florida Statutes (2004), requires employers to furnish medically necessary care for a compensable condition “for such period as the nature of the injury or the process of recovery may require.... ” The claimant here still suffers from a compensable occupational disease — hypertension—and he proved the condition requires continued medical treatment in the form of medication and routine periodic evaluation. The E/C therefore must pay for the claimant’s ongoing treatment for hypertension as long as the condition remains the major contributing cause of his need for medical care.
 
 See Engler v. Am. Friends of Hebrew Univ.,
 
 18 So.3d 613, 614 (Fla. 1st DCA 2009) (concluding once compensability of injury is established, carrier can no longer contest occupational cause, but can contest specific treatment based on its lack of connection to compensable injury).
 

 AFFIRMED.
 

 WEBSTER and LEWIS, JJ., concur.