PER CURIAM.
In this workers’ compensation appeal, Claimant, a firefighter, challenges an order of the Judge of Compensation Claims (JCC) that finds that his Employer and its workers’ compensation carrier (the E/C) introduced sufficient evidence to establish a non-occupational cause of his cardiac arrhythmia. Claimant argues that testimony establishing that the cause of Claimant’s condition was unknown was insufficient to demonstrate that the condition, in fact, had a non-industrial cause. We agree and reverse.
Here, there is no dispute that Claimant established the legal conditions for the operation of the presumption found in section 112.18(1), rendering his cardiac arrhythmia work-related and, thus, compensable under the Workers’ Compensation Law — unless sufficiently rebutted by the introduction of evidence establishing a non-industrial cause. See Punsky v. Clay County Sheriffs Office, 18 So.3d 577, 583 (Fla. 1st DCA 2009). The medical evidence accepted as credible by the JCC established that the sufficient cause of Claimant’s condition was unknown; Claimant could have developed the condition notwithstanding his occupation; and, “mechanistically,” the condition is caused by an electrical defect in the cells of the heart. From this, the JCC concluded that the E/C sufficiently established a non-occupational cause of Claimant’s condition.
By finding that Claimant’s condition, which, by definition, is an electrical defect of the heart, was caused by a defect of the heart — the cause of which is unknown — the JCC devalued and eviscerated the legal presumption of com-pensability afforded by section 112.18(1). A determination of the physiological cause of a disease or medical diagnosis — although perhaps helpful under some circumstances in determining the sufficient, or legal, cause of a medical condition — does not, without more, establish the legal cause of the condition, but rather, evades the issue altogether.* Moreover, here, the medical testimony *183 that the JCC accepted as credible established that the sufficient cause of Claimant’s condition was unknown, based on the evidence presented, — an empty set that precludes a contrary postulate. See generally Fuller v. Okaloosa Corr. Inst., 22 So.3d 803, 806 (Fla. 1st DCA 2009) (stating, to rebut 112.18 presumption, E/C required to affirmatively demonstrate non-work-related cause, not prove that there is no known cause). Accordingly, we REVERSE the denial of benefits and attorney’s fees and costs, and REMAND the case for the entry of an order awarding same.
BENTON, C.J., THOMAS and RAY, JJ., concur.

 For instance, cancer is by definition, malignant neoplasm, see Stedman’s Medical Dictionary 236 (25th ed. 1990); however, testimony establishing that a particular cancer was caused by destructive cells, would do little to explain the cause of the disease as the term is used in a legal sense.