PER CURIAM.
In this workers’ compensation matter, the Employer/Carrier (E/C) argues the Judge of Compensation Claims (JCC) erred in awarding Claimant, a firefighter/paramedic, benefits for his diagnosed hypertension and premature ventricular contractions. We affirm without further comment the JCC’s finding that Claimant satisfied the prerequisites for the occupational causation presumption afforded firefighters, and certain other employees, set out in section 112.18(l)(a), Florida Statutes (2011). Nevertheless, because it appears the JCC may have relied upon an incorrect standard in determining whether the E/C successfully rebutted the occupational causation presumption, we reverse and remand.
In Punsky v. Clay County Sheriff’s Office, 18 So.3d 577 (Fla. 1st DCA 2009) (en banc), we addressed the very issue presented in this appeal — the burden of persuasion required of an employer who seeks to rebut the presumption afforded by section 112.18. Two circumstances were identified and this Court determined that each required a different level of proof to rebut the presumption. In those circumstances whereby a claimant relies solely on the presumption to support his or her claim, *1059 the E/C can rebut the presumption with “competent evidence.” Id. at 579. On the other hand, “when there is evidence supporting the presumption which is accepted as credible by the JCC [then] clear and convincing evidence would be required to be found by the JCC ... to rebut the statutory presumption.” Id. at 584.
Here, because the JCC cited no independent medical evidence in support of occupational causation, the E/C’s burden to rebut the presumption required it produce “competent” evidence. The JCC, however, referenced both burdens of proof, without specifying either as the burden to be met, in finding the presumption was not rebutted.
Because it was not clear whether the JCC erroneously held the E/C to the higher stand of proof, the order is REVERSED, and the matter REMANDED, for application of the appropriate burden of proof.
CLARK, MAKAR, and OSTERHAUS, JJ., concur.