IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

BRIAN GONZALEZ,

     Appellant,

v.

ST. LUCIE COUNTY- FIRE
DISTRICT/FLORIDA
MUNICIPAL INSURANCE
TRUST-FLORIDA LEAGUE OF
CITIES, INC.,

     Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-3185

_____/

Opinion filed March 8, 2016.

An appeal from an order of the Judge of Compensation Claims.
Robert D. McAliley, Judge.

Date of Accident: September 4, 2013.

Bill McCabe, Longwood, and Tonya A. Oliver of Bichler, Kelley, Oliver, Longo &
Fox, PLLC, Tampa, for Appellant.

Alan D. Kalinoski and Lamar D. Oxford of Dean, Ringers, Morgan & Lawton,
Orlando, for Appellee.


PER CURIAM.

In this workers' compensation case, Claimant, a safety officer with the fire department, appeals the denial of his claim for a determination of compensable heart disease under paragraph 112.18, Florida Statutes (2013).* In the final order denying the claim, the Judge of Compensation Claims (JCC) found that the Employer/Carrier (E/C) successfully rebutted the presumption of occupational causation afforded Claimant under the statute. Because the JCC did not apply the correct analysis, we reverse and remand.

I

On September 4, 2013, Claimant was called to respond to a residential fire. While other firefighters fought the fire, Claimant performed his duties of walking around the premises looking for entrapping structures. He wore "full bunker gear," including helmet, hood, mask, and oxygen tank, with a total weight of 60 to 70 pounds. When Claimant later entered the structure to determine what could be salvaged, he became very lightheaded and felt his heart race. Cardiac monitoring revealed that Claimant was experiencing superventricular tachycardia (a rapid heart rate). He was subsequently diagnosed with an abnormal heart rhythm known as arterioventricular node reentrant tachycardia (AVNRT) – the condition for which

_____

* "Any condition or impairment of health of any . . . firefighter . . . caused by . . . heart disease . . . resulting in total or partial disability or death shall be presumed to have been accidental and to have been suffered in the line of duty unless the contrary be shown by competent evidence." § 112.18(1)(a), Fla. Stat. (2013).

Claimant claims compensability. He eventually underwent ablation surgery and is now essentially cured.

The consensus medical opinion here establishes that AVNRT is heart disease involving a congenital abnormality of the heart characterized by an extra electrical pathway (dual AV node physiology) which causes tachycardia when there is a triggering event. Because some people born with the abnormality never experience the tachycardia, the diagnosis of AVNRT requires both the congenital abnormality and the triggering event for the episode of tachycardia. Dr. Borzak, Claimant's independent medical examiner (IME), opined that the triggering event for Claimant's episode of tachycardia on September 4, 2013, was the adrenaline from the exertion he expended that day while working. Although Dr. Borzak conceded that Claimant's work activities were not at the highest level of exertion that day, he explained that there is no perfect correspondence between the level of exertion and the instance of tachycardia. Somewhat counterintuitively, Dr. Borzak also testified that laboratory testing showed that Claimant's tachycardia could only be induced and sustained with aggressive stimulation protocol: i.e., high adrenaline levels.

By contrast, Dr. Perloff opined that there was nothing about what Claimant did as a firefighter that could be identified as the cause of the AVNRT. According to Dr. Perloff, as people age, they develop fibrous ingrowth into the AV node which may slow conduction velocity enough to support the abnormal heart rate so that

3

AVNRT presents at different stages of life; the specific triggering event is often unknown. Dr. Perloff testified that there was no medical evidence that emotional stress could ever be a trigger, but nevertheless acknowledged that physical exertion *could* have triggered of Claimant's tachycardia. Significantly, Dr. Perloff testified that that there is no medical literature linking AVNRT to occupation and no medical data to support a finding that Claimant's job was the trigger of the abnormal rhythm.

## II

Here, although the JCC afforded Claimant the statutory presumption of compensability of his heart disease, he ultimately found that the E/C successfully rebutted the presumption. Our review of the JCC's findings as to the rebuttal of the presumption under paragraph 112.18(1)(a) is to determine whether CSE supports whatever decision is reached by the JCC as the finder of fact. See Punsky v. Clay Cty. Sheriff's Office, 18 So. 3d 577, 584 (Fla. 1st DCA 2009).

In Punsky, this court held that the level of proof necessary to rebut the presumption depends on the circumstances. Id. at 579. Where a claimant relies solely on the presumption to support the claim, the E/C can rebut the presumption with competent evidence; however, where "there is evidence supporting the presumption **which is accepted as credible by the JCC** [then] clear and convincing evidence would be required. . . . " See Johns E. Co. v. Bellamy, 137 So. 3d 1058, 1058-59 (Fla. 1st DCA 2014) (citing Punsky, 18 So. 3d at 579, 584 (emphasis supplied)). In

4

this case, the JCC expressly found that the E/C successfully rebutted the presumption under either evidentiary standard: competent evidence or clear and convincing evidence.

In this case, Claimant did not rely solely on the presumption, but also presented Dr. Borzak's testimony in support of an occupational cause; thus, the E/C had to establish that the cause of trigger was either non-occupational or that there was a specific non-occupational cause for it. In contrast to Dr. Perloff's testimony, Dr. Borzak identified the adrenaline associated with Claimant's work activities on September 4, 2013, as the trigger for the episode of tachycardia that day. Ultimately, the JCC found that Dr. Borzak only *presumed* Claimant had high adrenaline levels that day and "did not explain why claimant, who had been in the fire service for 13 years and also presumably had many occasions both on and off the job to experience events that raised his adrenaline level, prompted [sic] this particular episode of AVNRT." In workers' compensation law, "[i]t is well established that the [JCC] determines credibility, resolves conflicts in the evidence, and may accept the testimony of one physician over that of several others." City of W. Palm Beach Fire Dep't v. Norman, 711 So. 2d 628, 629 (Fla. 1st DCA 1998).

Although the JCC here did not expressly accept Dr. Perloff's opinion, he gave a reason why he rejected Dr. Borzak's opinion; even when a doctor's testimony is unrefuted, the JCC may reject the testimony as unreliable so long as the JCC gives

5

a reason. See Vadala v. Polk Cty. Sch. Bd., 822 So. 2d 582, 584 (Fla. 1st DCA 2002). Because the JCC here essentially rejected Dr. Borzak's opinion —the only evidence of an occupational cause beyond that of the presumption — as not credible, the lesser standard of competent evidence will apply here to rebut the presumption. See Punsky, 18 So. 3d at 584 ("It is only when there is evidence supporting the presumption which is accepted as credible by the JCC that clear and convincing evidence would be required to be found by the JCC . . . to rebut the statutory presumption.").

III

Recently, in Mitchell v. Miami Dade County, Case No. 1D15-2153 (Fla. 1st DCA Feb. 23, 2016) (Mitchell II), this court addressed the statutory presumption in the context of a claim involving the same dual AV node physiology and with similar medical evidence regarding the need for both the congenital abnormality and a trigger to bring on the tachycardia, and set forth the proper analysis when the evidence includes a complicating factor of a trigger. As the Mitchell II court explained, medical evidence of the congenital condition is sufficient to rebut the presumption but, because the presumption does not disappear when the presumption is rebutted, the employer/carrier also bears the burden of *overcoming* the presumption by competent evidence that the trigger is also non-occupational. Id.

Here, as a part of his findings, the JCC concluded that Claimant's congenital

6

condition is the heart disease, which is contrary to the medical evidence. Instead, the evidence establishes that the AVNRT is the heart disease. Thus, as in Mitchell II, both factors identified as necessary to produce the heart disease of AVNRT — the physiological abnormality and the trigger — must be addressed. In other words, although the congenital nature of the physiological abnormality is sufficient to rebut the presumption, the cause of the trigger must also be determined.

In the instant case, the medical opinions conflict concerning the cause of the trigger. Although the JCC clearly rejected Dr. Borzak's opinion concerning a specific occupational cause of the trigger, he did not make a specific finding regarding whether the E/C overcame the presumption by establishing that there is one or more possible non-occupational causes for the trigger or that there are no occupational causes. The JCC, however, did not have the benefit of the analysis articulated in Mitchell II.

We, therefore, REVERSE and REMAND for further consideration in accordance with the analysis set forth in Mitchell II and this opinion.

WOLF, WETHERELL, and RAY, JJ., CONCUR.