THOMAS, M.K., J.
In this workers’ compensation appeal, the Employer/Carrier (E/C) challenges an order awarding the Claimant, a firefighter, entitlement to compensability of his heart condition and related medical treatment under the “heart-lung” statute, section 112.18, Florida Statutes (2014). The Claimant did not appeal the JCC’s denial of compensability of an alleged hypertension condition. We affirm in result because we find the E/C failed to sustain its burden of proof in one respect, but write to clarify application of section 112.18(1) regarding the shifting burdens of proof and required quantum of evidence. As the Claimant asserted a presumption-only claim, the E/C’s burden on rebuttal is competent evidence. Major contributing cause (MCC) is not a component of the E/C’s rebuttal threshold. However, under these facts, the E/C must also rebut, by competent evidence, the presumption of the “triggering event.” We find the E/C failed to rebut this second aspect of the presumption.
I. Facts
The Claimant, a firefighter for twenty-six years, suffered an anterior wall myocardial infarction while at work on November 17, 2014. On that day, he attended a meeting in which a disagreement arose as to building code requirements. The Claimant characterized the atmosphere as “back and forth” and extremely stressful, but noted he did not consider the discussion a heated argument. During the meeting, the Claimant began to experience discomfort and chest pain. After the meeting, he sought medical care and was admitted to the hospital. The Claimant was ultimately diagnosed with coronary artery disease (CAD) and acute anterior wall myocardial infarction. The E/C accepted compensability under the “120 day rule” and authorized continued medical care with Dr. Dietzius upon Claimant’s release from the hospital. See § 440.20(4), Fla. Stat. However, the E/C later denied compensability of the “accident” and cardiac conditions.
The Claimant qualified for the “heart-lung” presumption under section 112.18(1), having no evidence of heart disease on his pre-employment physical, among other prerequisites. The Claimant asserted com-pensability of the heart condition on a “presumption only” basis; or in other words, the Claimant had no medical evidence of occupational causation and relied solely on the presumption of the “heart-lung” statute.
*186 The Claimant’s IME cardiologist, Dr. Schimmel, and the E/C’s expert cardiologist, Dr. Dietzius, both testified via deposition. The record supports that Drs. Dietzi-us and Schimmel noted the Claimant’s preexisting history of diabetes, high cholesterol, prior history of smoking, and a family history of early onset CAD, among other pre-existing factors. Dr. Dietzius testified the Claimant suffered from multiple risk factors for development of CAD. In his opinion, these factors had risen, within a reasonable degree of medical certainty, to the level of causative factors for the Claimant’s CAD and were not related to work.[1] He testified, “... given his risk factors of hyperlipidemia and diabetes, which I do not believe are related to his work, I believe that his risk factors contribute to his coronary artery disease over his work.”
Medical testimony established the Claimant suffered from blocked arteries (CAD) caused by the build-up of plaque. The myocardial infarction resulted from the rupture of the plaque. Dr. Dietzius admitted there was no medical test to determine the “trigger” or cause of the plaque rupture. He identified possible “triggers” of the plaque rupture to be high blood pressure, stress, or non-work-related factors, among others.
Dr. Schimmel, the Claimant’s IME expert, also testified the Claimant suffered from underlying blockage. He also recognized the list of multiple pre-existing risk factors. He opined that he could not identify, within any degree of medical certainty, which risk factors caused the CAD. Further, he advised that stress or increase in blood pressure from the business meeting could have “triggered” the plaque rupture on the day of this alleged “accident.” However,'he also agreed the cause or “trigger” of the rupture/thrombosis is unknown.[2]
II. Firefighter’s Presumption
Section 112.18(1), also known as the “firefighter’s presumption” or the “heart-lung” statute, creates a rebuttable presumption of occupational causation for disabling heart disease suffered by firefighters, among other protected classes, who meet certain prerequisites. At the time of the enactment of the “heart-lung” bill in 1965, workers’ compensation law provided for an occupational diseases cause of action pursuant to section 440.151, Florida Statutes. Under section 440.151, a claimant was under the obligation to produce medical testimony to support the ultimate conclusion that the disease was related to employment, and could not prevail on an argument based '■ on facts or inference alone. The enactment of section 112.18 offered a claim option that allowed qualifying employees to bridge this causation gap.[3]
Prior to enactment of the “heart-lung” statute, an occupational disease claim under section 440.151 enjoyed no presumption in favor of the claimant, and the statute was silent with respect to an *187 evidentiary burden of persuasion.[4] However, in the late 1960s, Chapter 440, Florida Statutes, established a presumption in favor- of a claimant in “any proceeding for the enforcement of a claim for compensation.”[5] See § 440.26, Fla. Stat. (1965); Deahl v. Uni-Pak Corp., 550 So.2d 122 (Fla. 1st DCA 1989); Hacker v. St. Petersburg Kennel Club, 396 So.2d 161 (Fla. 1981). Section 440.26 provided that, in the “absence of substantial evidence to the contrary,” claims filed would be presumed to have occurred within the course and scope of employment. - (Emphasis added.) Thus, section 440.26 provided an evidentia-ry standard equivalent to that of “clear and convincing evidence” to rebut its presumption.[6] Of interest, section 440.151 specifically excluded the presumption of section 440.26 from application in occupational disease cases. The evidentiary standard set by the Legislature for the presumption of section 440.26 was likely influential in later assignment of the quantum of proof required under section 112.18.
In 1979, the Florida Supreme Court in Caldwell v. Division of Retirement, Florida Department of Administration, 372 So.2d 438 (Fla. 1979), addressed for the first time the presumption of sections 112.18 (firefighters) and 185.34 (police officers) and application of the presumptions in “disability in-line-of-duty benefit” claims. Two issues were addressed: 1) whether the State Retirement Commission erred in refusing to apply the “heart-lung presumption” of section 112.18(1) in evaluating firefighter Caldwell’s claim for disability inline-of-duty benefits; and 2) if the presumption of section 112.18(1) applied, whether the E/C met the burden of proof with respect to its rebuttal threshold. Caldwell, 372 So.2d at 439. The Florida Supreme Court interpreted the burdens of proof and quantum of evidence required of the section 112.18 presumption. Id. at 440-42.'
Caldwell argued that the presumption of section 112.18 required a high rebuttal standard, typically required of social policy presumptions, to maintain the legislative intent of the statute. Id. at 439. Furthermore, he asserted that a high burden should be placed on those litigants who claim no work-relatedness when a prima facia case of causal relationship has been made. Id. Caldwell proclaimed that the “heart-lung” statute was one of critical social policy affecting the burden of proof or persuasion and was not a “vanishing presumption.” Id. at 440-41. In accepting Caldwell’s arguments, the court explained, “the [section 112.18] presumption would be meaningless if the only evidence necessary to overcome it is evidence that there has been no specific occupational-related event that caused the disease.”[7] Id. at 440.
*188 The Florida Supreme Court further detailed how the presumption may be rebutted:
When evidence rebutting such a presumption is introduced, the presumption does not automatically disappear. It is not overcome until the trier of fact believes that the presumed fact has been overcome by whatever degree of persuasion is required by the substantive law of the case. This may be by a preponderance of the evidence or by clear and convincing evidence, as the case may be...
The statutory presumption is the expression of a strong public policy which does not vanish when the opposing party submits evidence. Where the evidence is conflicting the quantum of proof is balanced and the presumption should prevail. This does not foreclose the employer from overcoming the presumption. However, if there is .evidence supporting the presumption the employer can overcome the presumption only by clear and convincing evidence.
Id. at 440-41 (emphasis added).
Section 112.18 did not explicitly recognize that it was a public policy measure and did not articulate the burden of persuasion applied to all possible levels of rebuttal. Where the Legislature does not articulate the rebuttal thresholds within a presumption statute, the courts are tasked with analyzing the substantive law of the case to determine whether the presumption was one of burden of proof or a “vanishing” or “bursting bubble” presumption. Universal Ins. Co. of N.A. v. Warfel, 82 So.3d 47, 58 (Fla. 2012). After determination that section 112.18 embodied strong public policy, the court assigned to the E/C the higher burden of persuasion of clear and convincing evidence, where a claimant introduced evidence of work-relatedness. Caldwell, 372 So.2d at 440. The etiology of the clear and convincing evidence burden of persuasion for section 112.18 presumption rebuttal, has been a matter of speculation and debate. See Punsky v. Clay Cty. Sheriff's Office, 18 So.3d 577 (Fla. 1st DCA) (on rehearing en banc), review denied, 22 So.3d 539 (Fla. 2009). However, the Florida Supreme Court’s application of a higher quantum of proof on rebuttal where evidence is submitted by the claimant in support of causation is logically supported by the court’s recognition of the “heart-lung” statute as a matter of strong public policy, and section 112.18 as a presumption of “burden of proof.”
III. Analysis
The standard of review on appeal of workers’ compensation orders is “whether there is substantial competent evidence in accordance with logic and reason to sustain the finding of the [JCC].” Id. at 583 (quoting Andrews v. C.B.S. Div., Maule Indus., 118 So.2d 206, 208 (Fla. 1960)). This Court has noted the importance of competent substantial evidence review rather than a “reweighing of the evidence.” Id Contrary to the E/C’s arguments, the standard is not de novo merely based on the fact that expert testimony was submitted via deposition, so the JCC was in no better place than this Court to rule on credibility. Frederick v. United Airlines, 688 So.2d 412, 413 (Fla. 1st DCA 1997).

Burdens of Proof/Quantum of Evidence

The Claimant asserted a “presumption only” claim pursuant to section 112.18. Accordingly, in this context, to rebut the presumption, the E/C must produce competent evidence that the disease is not work related.[8] With respect to the *189 CAD, the Claimant’s expert testified he was unable to provide an opinion, within a reasonable degree of medical certainty, as to causation. The E/C’s medical expert, Dr. Dietzius, testified, also within a reasonable degree of medical certainty, that all causative factors of Claimant’s CAD were non-work-related. The JCC summarized Dr. Dietzius’ testimony as follows:
Ultimately, Dr. Dietzius testified that the Claimant’s risk factors for the development of coronary heart disease, including hyperlipidemia and diabetes, had risen to the level of actual causative factors within a reasonable degree of medical certainty. It is noted that the doctor did not specifically opine as to major contributing cause. The doctor relied upon supporting literature of epidemiological studies indicating that diabetes and hyperlipidemia were risk factors that could cause plaque formation which in turn causes coronary artery disease.
The JCC ultimately rejected the opinion of Dr. Deitzius regarding the causation of the CAD, explaining as follows:
... Dr. Dietzius rendered his ultimate opinion on causation based on his training, experience and a review of medical studies that were epidemiological by nature. However, the undersigned did not find the testimony to be persuasive or sufficient as competent evidence or clear and convincing evidence by which to establish a rebuttal of the Legal Presumption. The evidence further did not meet the standard set to constitute major contributing cause.
(Emphasis added.)
Here, the JCC used a “catch all” approach by holding that he did not find the testimony to meet the standard of “competent evidence or clear and convincing evidence” sufficient to establish a rebuttal of the presumption. Use of this general “catch-all” standard was error. In Johns Eastern Company v. Bellamy, 137 So.3d 1058 (Fla. 1st DCA 2014), this Court held a JCC must determine what rebuttal standard the E/C must satisfy and identify it in the final order. Use of a “catch all” reference to both burdens of evidentiary persuasion is not sufficient and does not adequately identify the JCC’s reasoning. Id. at 1059. Defending a presumption-only claim, the E/C faced only the threshold rebuttal burden of providing competent evidence that the factor, or multiple factors, wholly combined, causing the CAD were non-industrial in nature. Punsky, 18 So.3d at 583; Fuller v. Okaloosa Corr. Inst., 22 So.3d 803, 806 (Fla. 1st DCA 2009).
We conclude that the E/C satisfied its burden of rebutting this aspect of the statutory presumption but did not, as we explain later, satisfy its burden as to the second-tier of the analysis. Dr. Dietzius testified, within a reasonable degree of medical certainty and based on medical evidence, the CAD was caused by non-work-related factors. Competent substantial evidence does not support the JCC’s finding that the E/C failed to meet its threshold rebuttal standard. Improperly, the JCC imposed upon the E/C the burden of rebuttal by clear and convincing evidence and that MCC be addressed by its medical expert.

Major Contributing Cause

A claimant’s burden of proving MCC by medical evidence is fully met where the presumption contained in section 112.18(1) is applied. Fuller, 22 So.3d at 806. In the Final Order, the JCC held, “It is noted that [Dr. Dietzius] did not specifically *190 opine as to major contributing cause.” He further noted, regarding the E/C’s failure to satisfy its rebuttal standard, “The evidence further did not meet the standard set to constitute major contributing cause.” The JCC erred in interpreting the E/C’s rebuttal threshold to include satisfaction of the MCC standard.
MCC is defined as, “the cause which is more than 50 percent responsible for the injury as compared to all other causes combined for which treatment or benefits are sought.” § 440.09(1), Fla. Stat. Section 440.09(1) must be read in conjunction with section 440.02(1), which provides as follows:
... if a preexisting disease or anomaly is accelerated or aggravated by an accident arising out of and in the course of employment, only acceleration of death or acceleration or aggravation of the preexisting condition reasonably attributable to the accident is compensa-ble....
By definition, MCC is inapplicable to satisfaction of the E/C’s rebuttal threshold under section 112.18 (whether requiring competent evidence or clear and convincing evidence). MCC contemplates comparison of two or more qualifying causation factors, with at least one requiring non-work relationship and one of work-relatedness. MCC analysis is necessary only when the claimant’s injury or need for treatment is caused by the impact of the employment accident combining with a preexisting injury or condition that is non-work-related. Pizza Hut v. Proctor, 955 So.2d 637 (Fla. 1st DCA 2007); Pearson v. Paradise Ford, 951 So.2d 12 (Fla. 1st DCA 2007). If, in order to satisfy its rebuttal burden under a section 112.18 claim, the E/C must submit medical evidence that “the” or “all” causation factors are non-industrial in order, MCC is extraneous. See Walker v. Broadview Assisted Living, 95 So.3d 942 (Fla. 1st DCA 2012); Caputo v. ABC Fine Wine & Spirits, 93 So.3d 1097 (Fla. 1st DCA 2012); Proctor. It matters not the percentage of responsibility assigned to one or more of the non-industrial causation factors. For example, assume a medical expert testifies that there are several risk factors of a claimant’s heart disease—preexisting genetic factors, smoking, and work-related stress, among others. The E/C’s rebuttal threshold cannot be satisfied by eliciting testimony from a doctor that all are causative factors (work and non-work related), to some degree, including stress from work, but the MCC of the heart disease is the pre-existing, genetic factor.
In practical application, section 112.18 requires the E/C, on rebuttal of the presumption, to satisfy a more stringent burden of proof than MCC. Pursuant to legal precedent, the E/C’s rebuttal burden does not encompass an obligation to demonstrate a single, non-industrial cause. City of Tarpon Springs v. Vaporis, 953 So.2d 597, 599 (Fla. 1st DCA 2007). Nonindustrial causation may be shown through demonstration of a combination of wholly non-industrial causes. Fuller, 22 So.3d at 806. As this Court noted in Punsky, “It is the evidence of non-industrial causation that may be found to rebut the presumption, not the mere existence of risk factors or conditions.” 18 So.3d at 583. Satisfaction of the prerequisites for MCC application, causative factors that are both work-related and non-work-related, is mutually exclusive to the viability of an E/C’s rebuttal under section 112.18. Accordingly, the absence of medical testimony regarding MCC from the E/C’s medical expert testimony did not result in the E/C’s failure to meet its burden of proof.
In Fuller, this Court announced, “Because a claimant’s burden of proving major contributing cause (MCC) by medical evi *191 dence, is fully met where the presumption contained in section 112.18(1) is applied, the Employer, in rebutting the presumption must likewise disprove occupational causation by medical evidence.” 22 So.3d at 806. To the extent that Fuller, or any language in Punsky, has been interpreted as requiring the E/C to also satisfy MCC as a part of the burden of proof shifting under section 112.18, we clarify to the contrary.[9] Fuller held the E/C must satisfy its burdens of proof “by medical evidence,” as is required of the claimant. Id. This Court did not declare that MCC is a component of the E/C’s rebuttal threshold, but only that the specific evidence required to satisfy the shifting burdens of proof must be medically based.
Following qualification for the presumption, the claimant’s burden of proving MCC under section 440.09(1), is satisfied. MCC is not revived as a required standard of proof for the claimant under sections 440.09(1) and 440.161, Florida Statutes, unless and until the E/C successfully satisfies its rebuttal threshold.

Two-Tiered Analysis Required

This Court has recognized the necessity of application of a two-tiered rebuttal analysis when the subject heart disease results from a combination of an underlying condition with a “triggering event.” See Mitchell v. Miami Dade Cty., 186 So.3d 65 (Fla. 1st DCA 2016) (Mitchell II) (concluding even if Claimant’s condition was congenital and non-work related, if medical testimony establishes that the combination of the congenital or underlying condition and a “trigger” cause the heart disease, the E/C must also establish through the required quantum of evidence that the “trigger” was also non-occupational).[10] Of note, this Court in Mitchell II emphasized its earlier declaration that, “much like a pre-existing condition, this court has recognized a congenital condition can be aggravated.” Id at 68 (citing City of Temple Terrace v. Bailey, 481 So.2d 49 (Fla. 1st DCA 1986)); Walters v. State of Fl.-DOC, 100 So.3d 1173 (Fla. 1st DCA 2012).
In Gonzalez v. St. Lucie County-Fire District, 186 So.3d 1106 (Fla 1st DCA 2016), the Claimant, a firefighter, responded to the scene of a fire. He walked the scene of the fire wearing heavy equipment weighing sixty to seventy pounds. At the scene, he became lightheaded and required immediate medical treatment. The Claimant was later diagnosed with a congenital abnormality (AVNRT), “characterized by an extra electrical pathway which causes tachycardia when there is a triggering event.” Id. at 1107. The JCC found that the E/C had successfully rebutted the presumption of section 112.18 as it relates to the congenital condition. However, this Court remanded the case to the JCC to address the second-tier analysis, required by the facts, as to whether the E/C overcame the presumption relating to the “trigger,” which the Claimant argued was the exertion from his work activities.[11]
*192 Here, the Claimant suffered from an underlying condition, CAD. On the date of accident, the underlying CAD resulted in a plaque rupture (triggering event) and the Claimant suffered a myocardial infarction, the heart disease requiring treatment. Dr. Dietzius testified there is no test that can directly determine a cause for the “trigger,” the plaque rupture. In fact, both medical experts agreed that the etiology for the plaque rupture was unknown. One expert agreed that the stress of the heated work meeting could have caused high blood pressure, which resulted in the plaque rupture (manifesting as chest pain during the meeting). However, this was speculation. As explained above, the E/C satisfied its rebuttal standard by introducing competent evidence that the causative factors of the Claimant’s CAD were non-work-related. However, under these facts, the E/C was also required to overcome the presumption of the “trigger.” Once a claimant gives rise to the presumption by satisfying the pre-requisites of section 112.18, occupational causation is established; therefore, there is no requirement on the part of the claimant to put on further proof meeting the requirements of section 440.151, Florida Statutes, as it relates to a “trigger.” See Walters v. State of Fl., 100 So.3d 1173, 1176 (Fla. 1st DCA 2012). The E/C failed to satisfy its rebuttal burden with respect to this second-tier. Both medical experts testified that it was not possible, within a reasonable degree of medical certainty, to determine the cause of the “trigger,” but the stress from the meeting could have been a possible cause. Because the E/C could not, by competent evidence, show that “the” or “all” possible factors causing the “trigger event” were non-work related, the presumption prevails. LeBlanc v. City of W. Palm Beach, 72 So.3d 181 (Fla. 1st DCA 2011).[12]
This matter does not require remand to the JCC, as the Final Order documents the JCC’s findings with regard to the unknown causation of the “triggering” event. The JCC specifically found, “[Dr. Dietzius] agreed that the cause for the plaque rupture was unknown .... ” Dr. Schimmel also opined that there was no method to determine causation of the plaque rupture. Both experts agreed the stress from the argument in the business meeting may have been one of many possible causes. Accordingly, the E/C failed to satisfy both tiers of its rebuttal burden.
AFFIRMED.
BILBREY and KELSEY, JJ., CONCUR.

. Possible risk factors may not necessarily be considered by a medical expert to rise to the level of causative factors. See Punsky v. Clay Cty. Sheriff's Office, 18 So.3d 577, 583 (Fla. 1st DCA) (on rehearing en banc), review denied, 22 So.3d 539 (Fla. 2009),

. Neither party raised a' Daubert objection to the expert medical testimony, or requested an EMA pursuant to section 44Q.13(9)(c), Florida Statute. The JCC did not, sua sponte, appoint an EMA.

.Section 112.18 claims are considered de facto occupational disease claims and are, thus, governed by legal standards of section 440.151, Florida Statutes; e.g. statute of limitations. See City of Pembroke Pines v. Ortagus, 50 So.3d 31 (Fla. 1st DCA 2010); Sledge v. City of Fort Lauderdale, 497 So.2d 1231 (Fla. 1st DCA 1986).

. Although section 112.18, Florida Statutes, provides minimal instruction on required burdens of proof and burden of evidentiary persuasion (i.e. competent evidence), case law has provided further guidance, as will be discussed later in this opinion.

. Section 440.26 was repealed in 1990, al- - though the section continued to be referenced in section 440.151(l)(e) until the 2003 amendments to Chapter 440.

. [Clear and convincing evidence] is that which “produce[s] in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established,” evidence "so clear, direct and weighty and convincing as to enable [the factfinder] to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue.” Aiello v. Knoll Golf Club, 64 N.J.Super. 156, 162, 165 A.2d 531 (App. Div. 1960).
Slomowitz v. Walker, 429 So.2d 797, 800 (Fla. 4th DCA 1983) (quoting In re Boardwalk Regency Corp, for a Casino License, 180 N.J.Super. 324, 434 A.2d 1111, 1118 (N.J. Super. App. Div. 1981)).

.A "burden of proof” presumption was later codified in the Florida Evidence Code, as section 90,304, Florida Statutes.

. If a claimant has evidence of work-relatedness, the E/C’s rebuttal standard is by clear *189 and convincing evidence. Here, the Claimant had no evidence of causation other than the presumption of section 112.18.

. In Punsky, although the doctor was questioned regarding MCC, he had previously identified the risk factors, all of which were non-work-related. 18 So.3d at 579-80.

. In Mitchell I, the Claimant (an off-duty police officer) was at home when she experienced chest pain after taking her daughter for medical care. Brief of Appellant at 3, Miami-Dade Cty. v. Mitchell, 159 So.3d 172 (Fla. 1st DCA 2015) (Mitchell I) (No. 14-1446). The Claimant was ultimately diagnosed with the congenital condition of slow accessory pathway which was "triggered” by "something” that resulted in heart disease. Mitchell II, 186 So.3d at 68. This Court remanded the case back to the JCC to determine if the E/C also overcame the presumption as it relates to the "trigger” component. Id. at 69.

.The E/C’s second-tier rebuttal analysis of a “triggering event,” if the facts require it, logically contemplates whether the "trigger” occurred while the claimant was within the *192 course and scope of employment, E.g., did "trigger” occur when claimant was sleeping at home, while in a stressful work meeting, or while under exertion at work? Although the specific cause(s) of the trigger may not be identifiable, work-relation may be excluded if the claimant cannot causally connect the "trigger event” to work activities.

. Of note, if the underlying condition is congenital, the E/C does not have to prove the "trigger” is also congenital but only that the cause(s) of the trigger is "non-occupational.” See Mitchell II, 186 So.3d at 68.