# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

No. 1D16-5673

———————————————

CITY OF JACKSONVILLE and CITY
OF JACKSONVILLE RISK
MANAGEMENT,

     Appellants,

     v.

ADRIAN O'NEAL,

     Appellee.

———————————————

An appeal from an order of Judge of Compensation Claims.
Ralph J. Humphries, Judge.

Date of Accident: January 10, 2013.

March 15, 2018

PER CURIAM.

In this workers' compensation case, the Employer/Carrier (E/C) seeks review of an order of the Judge of Compensation Claims (JCC) addressing four different dates of accident. The E/C challenges only the ruling of compensability and award of benefits for heart disease with a date of accident of June 26, 2002 (no statute of limitations defense is asserted). As to this ruling, we reverse in part, and remand for additional findings of fact.

Claimant, a correctional officer since 1995, relied on section 112.18, Florida Statutes, which provides a presumption of

occupational causation for heart disease in correctional officers. § 112.18, Fla. Stat. (2002). The E/C argued that Claimant has an underlying genetic condition (never specified), but the facts established that it could be "triggered" to result in heart disease (also never specified beyond the generic term "arrhythmias"). The JCC found the E/C did not overcome the statutory presumption, accepting the medical evidence that there exists at least one identifiable occupational trigger for this individual claimant's arrhythmia in this particular job – "adrenaline in the form of stress." However, the JCC never named the genetic condition, and was vague about the resulting diagnosis, such that we cannot infer them here, because the record contains many candidates for both: left atrial tachycardia, left atrial fibrillation, "left atrial tachycardia degenerating into atrial defibrillation," "exercise induced wide complex tachycardia," "incomplete right bundle branch block," and "supraventricular tachycardia" (SVT) – which one doctor described as "a big catch-all term." These diagnoses are not indistinguishable: the JCC found tachycardia to be a "fast heart rate" and fibrillation to be, in contrast, an "irregular fast rhythm," and at least one medical expert testified that at least one non-occupational trigger "has been implicated in the development" of atrial fibrillation but not atrial tachycardia.

Trigger theory analysis requires an underlying condition, a so-called "trigger," and resulting heart disease. *See, e.g.*, *Gonzalez v. St. Lucie Cty.–Fire Dist.*, 186 So.3d 1106 (Fla. 1st DCA 2016) (underlying condition was "dual AV node physiology," trigger was not determined by the JCC (the case was remanded for a determination on this), and resulting heart disease was arterioventricular node reentrant tachycardia (AVNRT)); *Mitchell v. Miami Dade Cty.*, 186 So. 3d 65 (Fla. 1st DCA 2016) (underlying condition was "congenital slow accessory pathway," trigger was not determined by the JCC (the case was remanded for a determination on this), and resulting diagnosis was SVT). Because the precise condition was not identified in this case, the JCC's orders lack sufficient detail for this Court to determine whether "trigger theory" is appropriate here. The parties are likewise culpable for using imprecise wording throughout the proceedings.

Identification of the underlying condition and resulting diagnosis is essential here to delineate the scope of the E/C's

2

potential liability under the Workers' Compensation Law. *Cf. Jackson v. Merit Elec.*, 37 So. 3d 381, 383 (Fla. 1st DCA 2010) ("This dispute might never have arisen if the parties and the JCC took care to define the compensable injury."). Absent an identification, it is unclear whether the medical testimony supports the JCC's application of "trigger theory" to Claimant's situation such that we remand to the JCC for additional findings of fact and reconsideration on this point. The JCC may, in his discretion, reopen the medical evidence to address the matter. *Mitchell v. Miami Dade Cty.*, 186 So. 3d 65, 69 (Fla. 1st DCA 2016).

B.L. THOMAS, C.J., and MAKAR and WINOKUR, JJ., concur.

―――――――――――――――――

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

―――――――――――――――――

Michael J. Arington and Alexander U. Makofka of Eraclides, Gelman, Hall, Indek, Goodman, Waters & Traverso, Jacksonville, for Appellants.

John J. Rahaim II and Amie E. DeGuzman of The Law Office of John J. Rahaim II, Jacksonville, for Appellee.